## PETRIE v PETRIE

1. WORKMEN'S COMPENSATION—DIVORCE—SUPPORT.

   Payments ordered in a judgment for divorce are not "debts" of the party ordered to make the payments for purposes of the provision exempting Workmen's Compensation Act payments from attachment or garnishment for debts (MCLA 418.821).

2. WORKMEN'S COMPENSATION—DIVORCE—ATTORNEY FEES.

   A lien for the attorney fee of the wife's attorney in a divorce action which is assessed against the husband in the divorce judgment is a "debt" of the husband for purposes of the provision exempting Workmen's Compensation Act payments from attachment or garnishment (MCLA 418.821).

Appeal from Wayne, James Montante, J. Submitted Division 1 April 12, 1972, at Detroit. (Docket No. 11980.) Decided May 26, 1972. Leave to appeal denied, 388 Mich 771.

Complaint for divorce by Nancy Petrie against Peter Petrie. Judgment for plaintiff including order for support to be paid from defendant's workmen's compensation benefits. Defendant appeals. Affirmed in part, reversed in part.

*Dee Edwards,* for plaintiff.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, P. C.* (by *A. Donald Kadushin),* for defendant.

Before: FITZGERALD, P. J., and McGREGOR and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation § 173 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

O'HARA, J. The question here presented is of first impression. It is of measurable significance to the trial bench and the profession. It involves an apparent conflict between two statutes. The first purports to place payments made pursuant to an award of the Workmen's Compensation Act beyond reach of any liability for debt. We set it forth.[1]

"Sec. 821. (1) No payment under this act shall be assignable or subject to attachment or garnishment or be held liable in any way for any debts. In case of insolvency every liability for compensation under this act shall constitute a first lien upon all the property of the employer liable therefor, paramount to all other claims or liens except for wages and taxes which lien shall be enforced by order of the court."

The second *per contra* purports to impose a lien on all property, real or personal, of any party who has been ordered to make payments pursuant to a judgment of divorce. We set forth that provision also.[2]

"Sec. 27. In all cases where alimony or allowance for the support and education of minor children shall be awarded to either party, the amount thereof shall constitute a lien upon such of the real and personal estate of the adverse party as the court by its judgment shall direct, and in default of payment of the amount so awarded the court may order the sale of the property against which such lien is adjudged in the same manner and upon like notice as in suits for the foreclosure of mortgage liens; or the court may award execution for the collection of the judgment, or the court may sequester the real and personal estate of either party and may appoint a receiver thereof, and cause such personal estate and the rents and profits of such real estate to be

---

[1] MCLA 418.821; MSA 17.237 (821).

[2] MCLA 552.27; MSA 25.105 as amended by 1970 PA 182, effective August 3, 1970.

applied to the payment thereof or the court in lieu of a money allowance may award such a division between the husband and wife of the real and personal estate of either party or of the husband and wife by joint ownership or right as he·shall deem to be equitable and just."

The conflict is more apparent than real. In irreducible simplicity, payments ordered by a judgment of divorce are not "debts" as that term is used in the Workmen's Compensation Act.

In considering whether an arrearage in alimony payments was a debt dischargeable in bankruptcy, the United States Supreme Court held such arrearage was not a "debt".

"Alimony does ·not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or implied, but on the natural and legal duty of the husband to support the wife. The general obligation to support is made specific by the decree of the court of appropriate jurisdiction." *Audubon v Shufeldt,* 181 US 575, 577; 21 S Ct 735, 736; 45 L Ed 1009, 1010 (1900).

Again that Court addressed itself to the question in *Wetmore v Mankoe,* 196 US 68, 74; 25 S Ct 172, 174; 49 L Ed 390, 393 (1904), where, in addition to alimony, support for children was involved.

"We think the reasoning of the *Audubon* case recognizes the doctrine that a decree awarding alimony to the wife or children, or both, is not a debt which has been put in the form of a judgment, but is rather a legal means of enforcing the obligation of the husband and father to support and maintain his wife and children. He owes this duty, not because of any contractual obligation, or as a debt due from him to the wife, but because of the policy of the law which imposes the obligation upon the husband. The law interferes when the husband neglects or refuses to discharge this duty

and enforces it against him by means of legal proceedings." *(Wetmore, supra.)*

We think precisely the same reasoning applies to payments ordered by the Workmen's Compensation Commission.

Our Supreme Court, in discussing the legislative intent of the Michigan Workmen's Compensation Act (in another context) opined:

"The act ·was originally adopted to give employers protection against common-law actions and to place upon industry, where it properly belongs, not only the expense of the hospital and medical bills of the injured employee, but place upon it the burden of making a reasonable contribution to the sustenance of that employee *and his dependents during the period of time he is incapacitated from work.* This was the express intent of the legislature in adopting this law." *Lahti v Fosterling,* 357 Mich 578, 585 (1959). (Emphasis supplied.)

It would indeed be a queer inversion of statutory construction to hold that an act passed for the benefit of a workman *and his dependents* places the amounts paid under an award of the commission beyond the reach of the dependents it is supposed to help support.

The order of the trial judge in this case adjudged:

(1) that defendant husband pay to plaintiff wife's attorney a $250 attorney fee;·

(2) that defendant pay eight dollars per week per child for each of five children;

(3) that defendant pay forthwith an arrearage of $3,925.50 in support payments required under an order of temporary support;

(4) that a lien be impressed upon the payments made pursuant to an award of the Workmen's Compensation Commission; and

(5) that the Friend of the Court be appointed receiver[3] to take possession of any money payable to defendant husband by General Motors Corporation pursuant to order of the Workmen's Compensation Commission whether by weekly payment or redemption.

We hold the trial judge was correct in determining that the compensation payments were subject to the terms of the judgment of divorce. He was correct in implementing the judgment under these circumstances by appointing the Friend of the Court as receiver to receive and disburse the payments.

We are unwilling, however, to subject the compensation payments to lien for the attorney fee awarded to plaintiff wife's attorney. This award is neither alimony nor support and is in effect a civil debt and falls within the protection of the provision of the Workmen's Compensation Act first cited herein.

To the extent above specified, we affirm the trial judge. As to the impressing of a lien for payment of the attorney fee, we reverse. If any monies payable under the compensation award have been credited to payment of the attorney fee, we direct the trial judge to order the return and crediting thereof against the support payments and arrearage.

We award no costs, neither party having prevailed in full.

All concurred.

---

[3] The record discloses that defendant husband now resides in Spain.