EVANS v EVANS

Docket No. 46457. Submitted May 7, 1980, at Grand Rapids.—Decided
June 17, 1980. Leave to appeal applied for.

James J. Evans filed for a divorce from Kattie J. Evans. Follow-
ing the filing of this action, but before the judgment of divorce
was granted, plaintiff redeemed a worker's compensation award
for $5,176 and redeemed a retroactive social security award for
$8,279. The Muskegon Circuit Court, Ronald H. Pannucci, J.,
determined that these amounts were part of the marital estate
and awarded defendant a one-half interest in them as part of
the judgment of divorce. Plaintiff appeals. *Held:*

Both the worker's compensation award and the social secu-
rity award are benefits intended to benefit both the injured
worker and his dependents; accordingly, it was proper for the
trial court to consider those awards to be part of the marital
estate for the purpose of the property settlement in the judg-
ment of divorce. Since those awards had been redeemed and
were held as existing funds, the parceling out of those funds did
not involve the division of some future possible benefits.

Affirmed.

Divorce — Property Division — Worker's Compensation Benefits
— Social Security Benefits.

Funds received from the redemption of a worker's compensation
award and from the redemption of a retroactive social security
award, both redemptions having occurred during a marriage,
are benefits for both the worker and his dependents and are
thus properly considered to be part of a marital estate for the
purpose of a property settlement in a judgment of divorce; the
property settlement involves only the division of an existing
fund rather than the division of some future benefit.

*Edward C. Wilson,* for plaintiff.

References for Points in Headnote

[1] 24 Am Jur 2d, Divorce and Separation §§ 928, 932.5.
Pension or retirement benefits as subject to award or division by
court in settlement of property rights between spouses. 94 ALR3d
176.

*Parmenter, Forsythe, Rude, Garigan, Van Epps & Briggs,* for defendant.

Before: R. B. BURNS, P.J., and J. H. GILLIS and D. C. RILEY, JJ.

D. C. RILEY, J. This case involves an issue of first impression in Michigan: whether social security and worker's compensation benefits can be considered part of the marital estate for purposes of property division.

In September, 1975, plaintiff filed for divorce. Two months later, he was injured at his employment and was no longer able to work. On December 4, 1978, plaintiff redeemed his worker's compensation accrued benefits for $5,176. He also redeemed a retroactive social security award of $8,279. The trial judge determined that these amounts were part of the marital estate and awarded defendant a one-half interest in them as part of the judgment of divorce. Plaintiff appeals as of right, disputing this decision.

Michigan trial courts have wide discretion in dividing marital assets at the time of divorce. *Feldman v Feldman,* 55 Mich App 147, 153; 222 NW2d 2 (1974). Factors affecting division include the "source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability and also the cause of divorce." *Johnson v Johnson,* 346 Mich 418, 431; 78 NW2d 216 (1956). A trial court's property settlement will not normally be reversed or modified unless this Court would have reached a different result. *Feldman, supra.*

Although there are no Michigan cases directly addressing the question of the division of worker's compensation and social security benefits in the property award in a divorce judgment, several

related cases are illuminative. The most enlightening is *Petrie v Petrie,* 41 Mich App 80; 199 NW2d 673 (1972), where this Court held that workmen's compensation benefits payable to the husband could be subject to a lien for support required by a divorce judgment. The Court reasoned that, since the Workmen's Compensation Act was passed to benefit both the worker and his dependents, an award should be accessible to the wife. *Id.,* at 83.

Since the Worker's Disability Compensation Act was enacted to assist both the worker and his dependents, *i.e.,* his spouse, we conclude that such benefits received during the course of the marriage should be considered a marital asset. We believe that a similar purpose mandates an identical consideration of social security benefits. As stated by the Arizona Court of Appeals:

"We note that the general purpose of the old age, survivor and disability insurance provisions of the Social Security Act is to protect workers and their dependents from the risk of loss of income due to the insured's old age, death or disability. Delno v Celebrezze, 347 F 2d 159 (9th Cir 1965). Entitlement to benefits is based upon the receipt of income from labor which the old age, death, or disability would interrupt. Delno v Celebrezze, supra. Thus we see that the purpose of the payment of these disability benefits under the Social Security Act is to take the place of the income from labor which the husband otherwise would have been receiving. Under the law previously set forth, there is no doubt that had the husband not suffered from any disability but continued to work, his wages would still have been community property even though he was living separate and apart from his wife. Since his social security disability payments take the place of these wages, it is clear that such payments are community property." *Guerrero v Guerrero,* 18 Ariz App 400, 402; 502 P2d 1077 (1972).

In Michigan, no court has considered the divisi-

bility of social security benefits.[1] Military retirement pay has been recognized as a marital asset, *Chisnell v Chisnell,* 82 Mich App 699; 267 NW2d 155 (1978), as has a vested pension plan, *Miller v Miller,* 83 Mich App 672; 269 NW2d 264 (1978), *Hutchins v Hutchins,* 71 Mich App 361; 248 NW2d 272 (1976). The determinant appears to be whether an asset has a present, ascertainable value or whether it is merely a contingent interest. The United States Supreme Court has held specifically that a wife is not entitled to a share of her husband's expected future benefits under the Railroad Retirement Act or presumably the Social Security Act. *Hisquierdo v Hisquierdo,* 439 US 572; 99 S Ct 802; 59 L Ed 2d 1 (1979).

In the instant case, the contested social security benefits were acquired during the marriage. The amount of benefits is currently ascertainable—$8,279. This is not a case where the court has divided some future, possible benefit, but is merely the parceling of a presently existing bank account comprised partially of worker's compensation and social security benefits. We find no error in the lower court's conclusion that the benefits were marital assets, subject to equal division.

Affirmed.

[1] Other jurisdictions have considered the propriety of dividing social security benefits and have reached opposite conclusions. See *In re Marriage of Hillerman,* 88 Cal App 3d 372; 151 Cal Rptr 764 (1979), *Umber v Umber,* 591 P2d 299 (Okla, 1979), *Harmon v Harmon,* 161 NJ Super 206; 391 A2d 552 (1978).