ALLEN v ALLEN

Docket No. 78990. Submitted November 5, 1984, at Grand Rapids.—
Decided February 10, 1985.

Plaintiff, Matthew Allen, Jr., and defendant Delores G. Allen,
were divorced in the Wayne Circuit Court. Plaintiff accrued an
arrearage in his child support payments. The Bureau of Work-
ers' Disability Compensation entered an order of redemption in
plaintiff's favor against the City of Detroit on December 12,
1983. On December 15, 1983, the court appointed the Friend of
the Court as receiver for workers' compensation funds due
plaintiff from the city. The city received notice of the order on
January 3, 1984. On January 9, 1984, the city paid the amount
ordered by the bureau to plaintiff. Upon motion of the Friend
of the Court, the court, Michael L. Stacey, J., entered an order
to show cause why the city should not be held in contempt and,
following a hearing, a judgment against the city in the amount
of the redemption money received by plaintiff. The city ap-
pealed. *Held:*

1. The court had jurisdiction to enter the award.

2. The city did not have standing to raise the issue that the
Friend of the Court's failure to obtain a lien against plaintiff
precluded plaintiff from raising any defenses he may have had.
Further, the plaintiff may assert his defenses in supplemental
proceedings.

3. The redemption need not occur during the marriage for a
lien for child support arrearages to attach to the proceeds of
the redemption order.

Affirmed.

MOTIONS AND ORDERS — RECEIVERS — ENFORCEABILITY OF ORDER.

An order appointing a receiver of any funds due a party and
stating that any such funds are to be paid to the receiver is
enforceable against the party's employer with regard to a
workers' compensation order of redemption where the employer
received notice of its obligation to deliver the funds to the
receiver in time to comply with the order.

REFERENCES FOR POINTS IN HEADNOTE
65 Am Jur 2d, Receivers §§ 117, 118.
82 Am Jur 2d, Workmen's Compensation § 607.

*Donald E. Pailen,* Corporation Counsel, and *David M. Bradfield,* Assistant Corporation Counsel, for the City of Detroit.

*Edwin H. Comber* and *Diane P. Lemanek,* for the Wayne County Friend of the Court.

Before: MacKenzie, P.J., and V. J. Brennan and R. E. Robinson,* JJ.

Per Curiam. On December 6, 1974, by judgment of divorce entered in Wayne County Circuit Court, Matthew Allen, Jr., was divorced from Delores G. Allen, and Matthew was ordered to make child support payments through the Friend of the Court, defendant herein. On November 18, 1983, Matthew was in arrears in the sum of $760.57 on this obligation. On December 12, 1983, the Michigan Bureau of Workers' Disability Compensation entered a final order of redemption in Matthew's favor against the City of Detroit, plaintiff herein, in the sum of $2,452.25. On December 15, 1983, the circuit court entered an order appointing defendant Friend of the Court as receiver for workers' compensation funds due or which might be due Matthew from the city. The city received notice of this order on January 3, 1984, but nevertheless forwarded the compensation award to Matthew on January 9, 1984, contrary to the order appointing a receiver. On June 16, 1984, at the behest of the Friend of the Court, the Wayne County Circuit Court entered judgment against the city in the amount of the redemption order. We affirm.

The city's appeal challenges the subject matter jurisdiction of the circuit court over the final order

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

of redemption of the bureau. The challenge here, where plaintiff asserts that the Worker's Disability Compensation Act places the resolution of all compensation disputes in the bureau, is different from that raised in *Petrie v Petrie,* 41 Mich App 80; 199 NW2d 673 (1972), where appellant asserted that the workers' compensation act placed compensation payments beyond the reach of the employee's debtors. That part of the act on which plaintiff here relies is § 841, and it provides:

"Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law." MCL 418.841; MSA 17.237(841).

*Panozzo v Ford Motor Co,* 255 Mich 149; 237 NW 369 (1931), and *Solo v Chrysler Corp (On Rehearing),* 408 Mich 345; 292 NW2d 438 (1980), are cited by the city to support its claim that the imposition by the circuit court of a lien on workers' compensation awards constitutes an alteration of the award. If this were so, § 841 would probably apply. But the imposition of a lien on the proceeds of the award in no way alters the award.

In this case, the controversy is between the Friend of the Court, acting on behalf of the wife, and her former husband. There is no controversy between the husband and his employer, City of Detroit. As stated under similar facts in *Davis v Davis,* 137 Mich App 291; 358 NW2d 6 (1984),

"Ford had no interest in the money sought to be collected, other than the responsibility of delivering it to either the receiver or defendant Davis." 137 Mich App 294.

The city further asserts that, by failing to obtain a lien against the husband for the proceeds of the final order of redemption, the Friend of the Court has made it impossible for the husband to assert any defenses which he might have as a party to the original divorce action. Aside from the fact that the city has no standing in the divorce action to raise this issue, we only note that the husband can always assert his defenses to his former wife's claim in proceedings supplemental to the divorce.

Relying on *Evans v Evans,* 98 Mich App 328; 296 NW2d 248 (1980), the city next argues that a lien can attach to the proceeds of a redemption order only if the redemption occurs during the marriage so that it can be treated as an asset of the marriage. *Evans, supra,* did not deal with the proceeds of a redemption order occurring after the marriage has terminated, as does this case, and the former wife's claim here is not for a share of the marital assets, as in *Evans,* but is for unpaid child support. This very factual situation was before this Court in *Petrie, supra,* and its response laid the question to rest in the following words:

"Our Supreme Court, in discussing the legislative intent of the Michigan Workmen's Compensation Act (in another context) opined:

" 'The act was originally adopted to give employers protection against common-law actions and to place upon industry, where it properly belongs, not only the expense of the hospital and medical bills of the injured employee, but place upon it the burden of making a reasonable contribution to the sustenance of that employee *and his dependents during the period of time he is incapacitated from work.* This was the express intent of the legislature in adopting this law.' *Lahti v Fosterling,* 357 Mich 578, 585 (1959). (Emphasis supplied.)

"It would indeed be a queer inversion of statutory construction to hold that an act passed for the benefit of

a workman *and his dependents* places the amounts paid under an award of the commission beyond the reach of the dependents it is supposed to help support." (Emphasis in original.) *Petrie, supra,* p 83.

We find no merit in the city's claim that six days notice was insufficient time for it to retrieve the award check to the husband from its check processing system.

Affirmed. Costs to appellee.