HAGEN v HAGEN

Docket Nos. 140749, 152781. Submitted June 2, 1993, at Lansing. Decided November 1, 1993, at 9:00 A.M.

Walter L. Hagen was divorced from Patsy Ann Hagen in the Gratiot Circuit Court, Jack T. Arnold, J. The court found that a lump-sum workers' compensation redemption that the plaintiff was to receive in January 1990 was a marital asset, and awarded the defendant forty percent of the net amount to be received from the redemption, $16,000, in a judgment entered on January 17, 1990. Instead of taking the redemption, the plaintiff accepted a lesser amount and began receiving weekly workers' compensation benefits. When the plaintiff did not pay the defendant the $16,000, the court, acting on a petition by the defendant, entered an order to show cause why the plaintiff should not be held in contempt. The plaintiff testified at hearings that he believed that the requirement that he pay the amount ordered in the judgment had been obviated by his acceptance of weekly payments, rather than the lump-sum redemption. He also testified that the amount he would receive from the weekly payments would exceed substantially the net lump-sum redemption. The court, finding that it could reopen the property settlement because of either misrepresentation or mistake, entered an order on April 30, 1990, modifying the judgment to award the defendant one-half of the workers' compensation redemption. The court ordered the plaintiff to pay the defendant one-half of any lump-sum payment of accrued benefits, one-half of the three months' benefits already received, and one-half of the plaintiff's future workers' compensation benefits. The court also awarded the defendant attorney fees. When the plaintiff failed to obey the court's order, he was found in contempt for his wilful failure to pay, and the court entered a lien upon the plaintiff's workers' compensation payments. The plaintiff filed separate appeals from that order and

REFERENCES

Am Jur 2d, Divorce and Separation §§ 426, 494, 500, 695, 706, 764, 800, 802, 914, 958, 961.

See ALR Index under Divorce and Separation; Property Settlements; Workers' Compensation.

the order entered on April 30, 1990. The appeals were consolidated.

The Court of Appeals *held:*

1. The property settlement provisions of a judgment of divorce are not enforceable by contempt proceedings. However, the trial court in this case, acting as a court of equity, did not err in modifying the judgment of divorce in order to reach an equitable result. It was well within the court's equitable powers to modify the judgment to provide the defendant a fifty-percent interest in the benefits actually received, particularly where the plaintiff, by his own actions, caused the change from the preserved workers' compensation redemption.

2. The payments ordered by the judgment of divorce are not "debts" as that term is used in the Workers' Disability Compensation Act. The lien upon the workers' compensation benefits was proper.

Affirmed.

1. DIVORCE — PROPERTY SETTLEMENTS — ENFORCEMENT — CONTEMPT.

The property settlement provisions of a judgment of divorce are not enforceable by contempt proceedings.

2. DIVORCE — POSTTRIAL MOTIONS — MODIFICATION OF JUDGMENT — EQUITY.

The trial court in a divorce action, acting as a court of equity, may modify the judgment of divorce in order to reach an equitable result (MCL 552.23[1]; MSA 25.103[1]).

3. DIVORCE — WORKERS' COMPENSATION PAYMENTS — DEBTS.

For purposes of the provision exempting workers' compensation payments from assignment, attachment, or garnishment for a debt, payments ordered in a judgment of divorce are not "debts" of the party ordered to make the payments (MCL 418.821[1]; MSA 17.237[821][1]).

*Henry G. Kubin,* for the plaintiff.

*Fortino, Plaxton & Moskal* (by *Charles M. Fortino*), for the defendant.

Before: REILLY, P.J., and SAWYER and P. J. CLULO,* JJ.

P. J. CLULO, J. Plaintiff appeals as of right from

* Circuit judge, sitting on the Court of Appeals by assignment.

an April 30, 1990, order of the trial court modifying a judgment of divorce previously entered by the court on January 17, 1990. Plaintiff also appeals as of right from a May 12, 1992, order that imposed a lien on plaintiff's workers' compensation benefits. These matters have been consolidated on appeal. We affirm.

The trial court heard the parties' contested divorce action on November 19, 1988. There were no facts in dispute, and the parties stipulated much of the valuation of the marital estate. During the hearing, plaintiff indicated that, in January 1990, he would receive a lump-sum workers' compensation redemption in the amount of $70,000 based on his disability due to heart trouble. The net amount of the redemption was to be approximately $40,000. Following the hearing on December 8, 1989, the lower court filed its opinion, finding that the workers' compensation settlement was a marital asset and would be divided on a sixty-forty basis between the parties, with defendant receiving $16,000. The court's opinion and supplemental opinion of December 11, 1989, were reduced to a judgment of divorce filed on January 17, 1990.

On October 22, 1990, defendant petitioned the court for an order to show cause. Among other things, she alleged that, notwithstanding the January 17, 1990, judgment of divorce, plaintiff had elected not to receive the workers' compensation redemption as stated in the judgment. Rather, plaintiff accepted a lesser sum and was receiving a weekly workers' compensation benefit of $220. On November 7, 1990, the lower court entered an order to show cause why plaintiff should not be held in contempt and he was ordered to appear for a hearing. That hearing was held on January 8, 1991, and was adjourned to April 8, 1991. Testimony was taken at that time regarding the details

of plaintiff's workers' compensation benefit. Plaintiff testified that he did not pay the defendant $16,000 ordered in the judgment of divorce because he believed that requirement had been obviated by his acceptance of weekly payments, rather than the lump-sum redemption. He also testified that the amount he would receive weekly would substantially exceed the $40,000 net redemption that he had testified with regard to previously.

Following the hearing, the court indicated that it would reopen the property settlement of the parties because of either misrepresentation or mistake. It then stated that the original decision to divide the workers' compensation redemption on a sixty-forty basis would be modified to increase defendant's share to fifty percent. The court awarded attorney fees in the amount of $500 in favor of defendant and ordered plaintiff to pay defendant one-half of any lump-sum payment of accrued benefits, one-half of the three months' benefits already received, and one-half of plaintiff's future workers' compensation benefits. Plaintiff appeals from that April 30, 1990, order.

Defendant subsequently petitioned the court for an order to show cause why plaintiff should not be held in contempt for his failure to obey the court's April 30, 1990, order. A hearing was held regarding that petition on June 14, 1991. The court found that plaintiff was in contempt for his "wilful failure to pay defendant money from the worker's compensation settlement."

On February 10, 1992, defendant moved to impress a lien upon the workers' compensation award and for a show-cause order, alleging plaintiff's failure to pay defendant fifty percent of that award. In addition, defendant alleged that plaintiff had failed to pay the $500 in attorney fees required by the court's previous order. On April 20,

1992, the court entered its opinion and granted defendant's motions. The court indicated that the payments ordered in the judgment of divorce were not "debts" of the former husband for purposes of the provision exempting workers' compensation payments from attachment or garnishment. See MCL 418.821; MSA 17.237(821). The court determined that there was authority to impress a lien upon the payments, and subsequently entered an order on May 12, 1992. Plaintiff also appeals from that order.

Plaintiff's first argument is that the trial court was without authority to modify the judgment of divorce on the defendant's petition. Plaintiff additionally argues that the property settlement provisions of the judgment of divorce cannot be enforced by contempt proceedings.

Plaintiff is correct that property settlement provisions of a judgment of divorce are not enforceable by contempt proceedings.[1] However, on the facts of this case, we are satisfied that the trial court, acting as a court of equity, did not err in modifying the judgment of divorce in order to reach an equitable result. MCL 552.23(1); MSA 25.103(1). In addition, this Court reviews the lower court's dispositional ruling to determine whether it is fair and equitable under the circumstances. *Sparks v Sparks,* 440 Mich 141, 148-152; 485 NW2d 893 (1992). In reviewing de novo equity cases, this Court may modify otherwise final judgments to rectify mistakes, clarify and interpret ambiguities, and alleviate inequities. *Molnar v Molnar,* 110 Mich App 622; 313 NW2d 171 (1981); *Formicola v Formicola,* 32 Mich App 417; 189 NW2d 21 (1971).

The court's order modifying the original sixty-

---

[1] See *Thomas v Thomas,* 337 Mich 510; 60 NW2d 331 (1953).

forty split of a preserved workers' compensation redemption to provide defendant a fifty-percent interest in the workers' compensation benefits actually received is well within the equitable power of the trial court. This is particularly so in circumstances where the plaintiff, by his own actions, caused the change by his initiation of a weekly benefit payment rather than a redemption. The court did not err in this regard.

Plaintiff next argues that weekly workers' compensation payments to defendant are "debts" of the plaintiff under the Workers' Disability Compensation Act ("WDCA"), MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, and, therefore, are exempt from attachment or garnishment pursuant to that act. It is true that, ordinarily, an employee's entitlement to workers' compensation benefits is not assignable. MCL 418.821(1); MSA 17.237(821)(1); *Gilroy v General Motors Corp (After Remand),* 438 Mich 330; 475 NW2d 271 (1991). The pertinent provision of the WDCA states:

> A payment under this act shall not be assignable or subject to attachment or garnishment or be held liable in any way for a debt. [MCL 418.821(1); MSA 17.237(821)(1).]

Michigan courts have frequently recognized that the general exemption cited above does not extend to claims based on an award of alimony or support. In *Petrie v Petrie,* 41 Mich App 80; 199 NW2d 673 (1972), in interpreting § 821(1), this Court stated:

> In irreducible simplicity, payments ordered by a judgment of divorce are not "debts" as that term is used in the Workmen's Compensation Act.

. * * *

Our Supreme Court, in discussing the legislative intent of the Michigan Workmen's Compensation Act (in another context) opined:

"The act was originally adopted to give employers protection against common-law actions and to place upon industry, where it properly belongs, not only the expense of the hospital and medical bills of the injured employee, but place upon it the burden of making a reasonable contribution to the sustenance of that employee *and his dependents during the period of time he is incapacitated from work.* This was the express intent of the legislature in adopting this law." *Lahti v Fosterling,* 357 Mich 578, 585 [99 NW2d 490] (1959). (Emphasis supplied.)

It would indeed be a queer inversion of statutory construction to hold that an act passed for the benefit of a workman *and his dependents* places the amounts paid under an award of the commission beyond the reach of the dependents it is supposed to help support.

\* \* \*

We hold the trial judge was correct in determining that the compensation payments were subject to the terms of the judgment of divorce. He was correct in implementing the judgment under these circumstances by appointing the Friend of the Court as receiver to receive and disburse the payments. [*Id.* at 82-84. (Emphasis in original).]

See also, *Allen v Allen,* 141 Mich App 105, 108-109; 366 NW2d 88 (1985); *Ackerman v Ackerman,* 197 Mich App 300; 495 NW2d 173 (1992).

In the instant case, plaintiff made a workers' compensation claim for heart problems he incurred during his marriage to defendant. Plaintiff's attempt to circumvent the trial court's order to pay defendant a portion of his redemption by accepting payments in weekly installments, or by claiming that the workers' compensation award was not specifically called alimony, is without

merit. The issue has been settled by this Court, which has held that payments ordered by a judgment of divorce are not "debts" as that term is used in the WDCA. *Petrie, supra* at 82.

Affirmed. Defendant may tax costs.