PETERSON v SIMASKO, SIMASKO & SIMASKO, PC

Docket No. 194651. Submitted October 14, 1997, at Lansing. Decided March 20, 1998, at 9:10 A.M.

Laurie Peterson brought a legal malpractice action in the Macomb Circuit Court against Simasko, Simasko & Simasko, P.C., and Patrick M. Simasko, alleging that a judgment of divorce entitled her to share in the proceeds of her former husband's worker's compensation claim but that the defendants, as her attorneys, failed to place a lien in her favor on the worker's compensation claim before benefits were paid to her former husband. The court, Peter J. Maceroni, J., granted summary disposition for the defendants, interpreting *Petrie v Petrie*, 41 Mich App 80 (1972), as providing no authority for the placement of such a lien. The plaintiff appealed.

The Court of Appeals *held*:

*Petrie* expressly states that financial obligations imposed on a party by a judgment of divorce are not debts for purposes of MCL 418.821; MSA 17.237(821) and payment of such obligations may be enforced by the placement of a lien against any worker's compensation award paid to the obligated party. An attorney of ordinary learning, judgment, or skill would have placed a lien on the worker's compensation settlement of the plaintiff's former husband.

Reversed and remanded.

*Thomas A. Stotz*, for the plaintiff.

*John Perrin*, for the defendants.

Before: HOLBROOK, JR., P.J., and KELLY and GRIBBS, JJ.

PER CURIAM. In this appeal as of right, plaintiff seeks the reinstatement of her legal malpractice action after it was summarily dismissed on defendants' motion pursuant to MCR 2.116(C)(10). We reverse and remand for trial. This case is being decided without oral argument pursuant to MCR 7.214(E).

To establish the existence of legal malpractice, a plaintiff must show: "(1) the existence of an attorney-client relationship; (2) negligence in the legal representation of the plaintiff; (3) that the negligence was a proximate cause of an injury; and (4) the fact and extent of the injury alleged." *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995).

Here, plaintiff's malpractice action is premised on a claim that defendants failed to act within the scope of the duty owed to her when they failed to place a lien on her former husband's worker's compensation claim before the claim was paid. Plaintiff asserts that such action was necessary to secure payment to her of that portion of the compensation award to which she was entitled under the terms of the property settlement provision of a judgment of divorce. In light of the nature of plaintiff's claim, the question before the trial court was whether an attorney of ordinary learning, judgment, or skill, under the circumstances presented in this case, would have placed a lien on the settlement before it was paid to plaintiff's former husband in October 1992. *Simko, supra* at 655-656.

The trial court erroneously concluded that *Petrie v Petrie*, 41 Mich App 80; 199 NW2d 673 (1972), did not provide authority to include within the duty defendants owed plaintiff an obligation to impress a lien for payment of the property settlement against the worker's compensation award. *Petrie* expressly provides that financial obligations imposed on a party by a judgment of divorce are not debts for purposes of MCL 418.821; MSA 17.237(821) and, therefore, payment of such obligations may be enforced by impressment of a lien against any worker's compensation award paid to the obligated party. *Petrie, supra* at 82-

84. Accordingly, an attorney of ordinary learning, judgment, or skill, under the circumstances presented in this case, would have placed a lien on the settlement before it was paid to plaintiff's former husband. *Simko, supra* at 655-656; see also *Teodorescu v Bushnell, Gage, Reizen & Byington (On Remand)*, 201 Mich App 260, 264-265; 506 NW2d 275 (1993).

Reversed and remanded. We do not retain jurisdiction.