*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DIANA JEANNE PAIZ ENGLE,

        Plaintiff-Appellee,

v

PATRICK A. ENGLE,

        Defendant-Appellant.

UNPUBLISHED
March 14, 2019

No. 343123
Ingham Circuit Court
Family Division
LC No. 14-000461-DO

Before: SAWYER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's order granting plaintiff's motion for reconsideration and amending the parties' consent judgment of divorce. Defendant argues that the trial court abused its discretion when it granted plaintiff's motion for reconsideration and that it erred when it exercised its equitable powers to amend the judgment of divorce. While we disagree that the trial court abused its discretion when it granted plaintiff's motion for reconsideration, we conclude that the trial court lacked authority to modify the consent judgment of divorce. Accordingly, we reverse and remand to the trial court for proceedings not inconsistent with this opinion.

## I. BACKGROUND FACTS

The parties divorced in 2014 pursuant to a consent judgment of divorce (JOD). The JOD included a property settlement, which provided that plaintiff was awarded one-half of defendant's pension, and defendant was awarded one-half of plaintiff's pension, both pursuant to an eligible domestic relations order (EDRO). The property distribution also provided that defendant would receive one-half of plaintiff's 401k account, pursuant to a qualified domestic relations order (QDRO), plus an additional $10,000 from plaintiff's 401k in lieu of spousal support. Defendant retained the full amount of his own 401k. In November 2014, the trial court entered a QDRO for plaintiff's 401k account that awarded defendant, as alternate payee, 50% of plaintiff's account balance, and an additional $10,000 payment.

Two years later, in November 2016, plaintiff moved the trial court *in propria persona* to approve an EDRO for the Municipal Employees Retirement System of Michigan (MERS), which

administered defendant's pension. The trial court did not grant or deny plaintiff's motion to approve the EDRO and did not hold a hearing on the motion.

In September 2017, plaintiff moved the trial court to enforce and amend the JOD and for entry of an EDRO. According to plaintiff, throughout 2016, the parties attempted to reach an agreement regarding the language of the EDROs for both parties' pensions, but they were unable to do so. In January 2017, plaintiff discovered that defendant began drawing on his pension without an EDRO in place, and was receiving the full amount of his pension, in violation of the JOD. Further, plaintiff believed that defendant's receipt of his full pension payment without segregation for plaintiff was "irrevocable," and could not be modified even pursuant to a court order. In order to offset the loss of her portion of defendant's pension, plaintiff requested that the trial court deny defendant his award of a portion of plaintiff's 401k account and reduce his award of a portion of plaintiff's pension.

In response to plaintiff's motion, defendant claimed that when he applied to receive his pension, he believed MERS would put his application on hold, pending the outcome of plaintiff's motion to approve the EDRO that she filed in November 2016. However, MERS later informed defendant's counsel that it was unable to hold defendant's application, and it began disbursing his monthly payments in January 2017, with a lump sum for the payments from August to December 2016. Defendant stated that MERS was still able to allocate the remainder of his pension according to an EDRO, and that he had retained for plaintiff half of the payments he had already received and was "ready, willing, and able to pay her that amount."

However, the parties additionally disputed the extent of defendant's entitlement to plaintiff's pension. The point of dispute was that plaintiff would be eligible for retirement in October 2018, before she turned 60, but did not want to retire until she reached age 65. The Eligible Domestic Relations Order Act, MCL 38.1701 *et seq.*, provides that "the payment of a benefit to an alternate payee under an EDRO and this act shall begin on the retirement allowance effective date of the participant." MCL 38.1704. Defendant wanted to be able to claim payments from plaintiff's pension when plaintiff became eligible for retirement, not when she actually retired. However, plaintiff argued that the JOD was silent on the question of when defendant could draw on plaintiff's pension, and, therefore, he could only receive payments upon plaintiff's retirement. Further, plaintiff argued that she would be "substantially harmed" if defendant took early retirement on plaintiff's pension because then she would be responsible for recoupment.[1]

---

[1] *Wolf v Mahar*, 308 Mich App 120, 123-124; 862 NW2d 668 (2014), explains:

> The recoupment policy was designed to prevent a loss to the retirement system from administering and paying benefits to both participants and alternate payees, as opposed to just participants. In its simplest terms, an alternate payee who elects to receive benefits before the participant retires receives a set monthly payment and the participant, when he or she retires after age 60, receives a recouped or reduced monthly benefit to account for the alternate payee's early receipt of payments.

Following the hearing, the trial court issued an opinion and order. It determined that the primary issue was whether defendant could receive his portion of plaintiff's pension at plaintiff's earliest retirement date, even if plaintiff did not retire at that time, and found that the JOD was "silent as to these benefits." The trial court concluded that MCL 552.101(4) addressed the issue and was controlling. Because the JOD did not expressly exclude any components of plaintiff's pension, "based upon MCL 552.101(4),[2] . . . both parties in this matter [were] entitled to a proportionate share of all components of the pension, annuity, or retirement benefits awarded to them in the" JOD. The trial court further stated, "It is unclear if the fact that the Defendant is in active retirement status impacts the Plaintiff's ability to share in those components of Defendant's pension."

Plaintiff moved for reconsideration and for entry of a domestic relations order (DRO) following the trial court's ruling. Plaintiff claimed, "in answer to the question posed by the [trial] court in its Order," that defendant's active retirement status permanently and negatively affected plaintiff because she was "absolutely and forever barred from using an EDRO to claim any portion of Defendant's pension."[3] She requested that the trial court exercise its equitable discretion to amend the JOD to allow defendant to retain his full pension and award defendant 15% of plaintiff's pension, effective on her earliest retirement date in October 2018. Plaintiff argued that because defendant claimed his pension without an EDRO in place, plaintiff was precluded from seeking survivorship benefits from defendant's pension, and any payments she received from the pension would stop upon defendant's death. Further, if she continued to work while defendant drew early retirement benefits from her pension, plaintiff would receive only approximately 15-20% of her pension because of recoupment. Accordingly, plaintiff argued that the trial court should amend the JOD "based on the equities of this case." Defendant argued that plaintiff's motion for reconsideration was improper because she did not present any new information from the previous hearing and presented arguments that she could have raised at that hearing. Defendant reiterated that he was willing to pay plaintiff half of his own pension payments he had received, and he stated that he was willing to forgo his survivorship benefits in plaintiff's pension.

In March 2018, the trial court issued an order granting plaintiff's motion for reconsideration, to amend the JOD, and for entry of a DRO. The trial court stated that with respect to plaintiff's motion for reconsideration, "[i]t [was] clear in this case that the Court was not aware that the Plaintiff could not share in the components of Defendant's pension because he was in active retirement status when the Court issued its ruling." Regarding plaintiff's request that the trial court amend the JOD and enter a DRO, the trial court found that "[b]ased upon the

---

[2] MCL 552.101(4) provides, in relevant part, that "if a judgment of divorce . . . provides for the assignment of any rights in and to any pension, . . . a proportionate share of all components of the pension . . . shall be included in the assignment unless the judgment of divorce . . . expressly excludes 1 or more components."

[3] Plaintiff relied on MCL 38.1702(e)(*viii*), which provides, in relevant part, that an EDRO is not effective unless it was "filed with the retirement system before the participant's retirement allowance effective date . . . ."

equitable and enforcement powers of the Court, . . . the [JOD] must be modified to accomplish equity and afford relief to the Plaintiff based upon Defendant's failure to comply with the" JOD. The trial court amended the JOD to award defendant 25% of plaintiff's pension, pursuant to an EDRO, from which he was entitled to draw at plaintiff's earliest retirement date, but was not entitled to request survivor's benefits. Plaintiff would retain 75% of her pension, while defendant would retain 100% of his pension. This appeal followed.

## II. MOTION FOR RECONSIDERATION

Defendant argues that the trial court erred when it granted plaintiff's motion for reconsideration. We disagree.

This Court reviews a trial court's ruling on a motion for reconsideration for an abuse of discretion. *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Id.* at 605-606 (quotation marks and citation omitted).

MCR 2.119(F)(3) provides that

[g]enerally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

MCR 2.119(F)(3) gives the trial court significant discretion to grant reconsideration; "if a trial court wants to give a 'second chance' to a motion it has previously denied, it has every right to do so, and . . . MCR 2.119(F)(3) does nothing to prevent this exercise of discretion." *Kokx v Bylenga*, 241 Mich App 655, 659; 617 NW2d 368 (2000) (quotation marks, alterations, and citation omitted). Further, MCR 2.119(F)(3) "does not categorically prevent a trial court from revisiting an issue even when the motion for reconsideration presents the same issue already ruled on; in fact, it allows considerable discretion to correct mistakes." *Macomb Co Dep't of Human Servs v Anderson*, 304 Mich App 750, 754; 849 NW2d 408 (2014).

Defendant argues that the trial court abused its discretion when it granted plaintiff's motion for reconsideration because plaintiff did not allege any new facts, presented arguments that could have been included in her original motion, and did not point to any palpable errors by the trial court. However, the trial court granted plaintiff's motion for reconsideration based on the question of the effect of defendant's active retirement status, which it left open in its original opinion. The trial court had significant discretion to consider plaintiff's motion for reconsideration, and to give plaintiff's arguments a second chance, even ones plaintiff had previously presented or could have presented in her original motion. *Kokx*, 241 Mich App at 659. See also *Anderson*, 304 Mich App at 754.

-4-

## III. AMENDMENT OF CONSENT JUDGMENT OF DIVORCE

Defendant argues that in amending the JOD, the trial court improperly considered plaintiff's responsibility for paying recoupment because plaintiff assumed that risk when she consented to the original JOD. Defendant also argues that plaintiff is not entitled to relief because she did not timely seek to enforce her rights. We conclude that the trial court lacked authority to modify the consent judgment of divorce.

"Consent judgments of divorce are contracts and treated as such." *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017). This Court "review[s] de novo as a question of law the proper interpretation of a contract, including a trial court's determination whether contract language is ambiguous." *Id*. This Court also reviews equity cases de novo, and "may modify otherwise final judgments to rectify mistakes, clarify and interpret ambiguities, and alleviate inequities." *Id*. (quotation marks and citation omitted).

"Property-settlement agreements are, as a general rule, final and cannot be modified." *Smith v Smith*, 292 Mich App 699, 702; 823 NW2d 114 (2011). However, a property settlement agreement constitutes a final order from which a party may seek relief under MCR 2.612(C). *Zeer v Zeer*, 179 Mich App 622, 624-625; 446 NW2d 328 (1989).[4] A party must bring a motion for relief from judgment under MCR 2.612(C) within a reasonable time, and if a party's motion is based on the grounds in subrules (C)(1)(a), (b), or (c), the party must file the motion within one year after the judgment. MCR 20612(C)(2). Here, no motion was filed under MCR 2.612(C), and, in any event, the trial court determined that no grounds for relief had been established under MCR 2.612(C).

In granting relief to plaintiff, the trial court relied on *Hagen v Hagen*, 202 Mich App 254; 508 NW2d 196 (1993), in which this Court concluded that it was "satisfied that the trial court, acting as a court of equity, did not err in modifying [a] judgment of divorce [entered in a contested action] in order to reach an equitable result," and that, "[i]n reviewing de novo equity cases, this Court may modify otherwise final judgments to rectify mistakes, clarify and interpret ambiguities, and alleviate inequities." *Id*.

However, this Court later considered the *Hagen* holding in *Andrusz*, 320 Mich App at 453. In *Andrusz*, the plaintiff appealed the trial court's order clarifying the terms of the parties' consent judgment of divorce, and claimed that the trial court erred when it replaced the word "salary" with "income" in the consent judgment. *Id*. at 447, 452. This Court agreed, holding that the rule that a trial court may modify a judgment of divorce to achieve an equitable result applies "in the context of a divorce judgment entered by the court after a contested action, *not* in the context of tampering with the parties' consent judgment." *Id*. at 452-453. Instead, a trial court may only modify a consent judgment of divorce "with the consent of the parties, at least in the absence of fraud, mistake, illegality, or unconscionability." *Id*. at 453. Nonetheless, a "trial

---

[4] "Although cases decided before November 1, 1990, are not binding precedent, MCR 7.215(J)(1), they nevertheless can be considered persuasive authority." *In re Stillwell Trust*, 299 Mich App 289, 299 n 1; 829 NW2d 353 (2012).

court may . . . fill voids in an incomplete consent judgment, and in so doing must balance the equities insofar as is possible under the circumstances." *Id*.

As *Andrusz*, 320 Mich App 445, indicates, the trial court's reliance on *Hagen*, 202 Mich App 254, in this case was in error. The parties' divorce and property distribution was pursuant to a consent judgment of divorce. Accordingly, without a finding of fraud, mistake, illegality, or unconscionability, the trial court did not have the authority to amend the JOD without the parties' consent. See *Andrusz*, 320 Mich App at 453. Further, although the trial court could make an equitable determination if it was filling a void in an incomplete consent judgment of divorce, see *Andrusz*, 320 Mich App at 453, the trial court did not find that any provisions of the property settlement at issue here were incomplete.

On the contrary, because the trial court did not find that the terms of the JOD were ambiguous, it was bound to enforce them. See *Smith*, 292 Mich App at 702-703. In addition, because the judgment of divorce was silent regarding the components of each party's pension, plaintiff and defendant were each entitled to a proportionate share of all of their components, and the trial court could not amend the judgment of divorce to prohibit defendant from receiving survivor's benefits. See MCL 552.101(4). Because the parties' consent judgment of divorce was a final order, and the trial court did not find that either party had engaged in fraud, duress, or mutual mistake, or that the property settlement was incomplete, the trial court did not have inherent equitable authority to modify the JOD.

## IV. CONCLUSION

The trial court did not abuse its discretion when it granted plaintiff's motion for reconsideration. However, the trial court lacked authority to modify the consent judgment of divorce without the parties' consent, and without finding either that other grounds for relief from judgment existed or that the property settlement in the JOD was incomplete.

Reversed and remanded to the trial court for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. Defendant may tax costs.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly

-6-