*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANELL MARIE CALLAHAN,

Plaintiff-Appellee,

v

BRUCE ARNOLD CALLAHAN,

Defendant-Appellant.

UNPUBLISHED
August 11, 2022

No. 357443
Grand Traverse Circuit Court
Family Division
LC No. 2019-014889-DM

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's judgment of divorce dissolving the parties' marriage and dividing the marital assets. Defendant challenges the trial court's division of property, award of spousal support to plaintiff, and award of attorney fees to plaintiff. We affirm in part, vacate in part, and remand for further proceedings.

## I. BACKGROUND

The parties were married in 1988. By the time of these proceedings, defendant was 64 years old and plaintiff was 57 years old. Throughout their marriage, defendant worked as a marine engineer and, by the time of these proceedings, was making more than $100,000 per year. Plaintiff, who was unable to work more than 24 hours per week because of health issues, worked part-time as a health aide making less than $20,000 per year. Defendant had always been the primary earner while plaintiff was the primary caregiver for the parties' two children. At the time of these proceedings, one of the parties' children was still a minor, but was living in a guardianship with the parties' adult child because plaintiff was no longer able to care for the minor child due to health issues. Both parties paid child support for the minor.

Plaintiff filed a complaint for divorce in March 2019. Shortly after, the trial court awarded plaintiff temporary spousal support of $1,000 per month, which was later increased to $2,000 per month. The trial court also ordered that defendant pay plaintiff's attorney fees, pay for plaintiff's car repairs, and pay plaintiff $400 for her snow tires, which defendant had thrown away in violation of a mutual ex parte restraining order issued by the court. Defendant, however, refused to pay, and numerous show-cause orders were issued against defendant for his failure to follow the court's

-1-

orders. On three occasions, the trial court found defendant in contempt for his failure to follow the court's orders, two of which were before the judgment of divorce was issued.

The trial court conducted a bench trial and issued an opinion and order on February 24, 2021.[1] Relevant to this appeal, the order awarded defendant all of the parties' real property, except for one property which was to be sold to pay off the parties' medical debt. The order calculated the total equity in the parties' real property as $662,196, and awarded that amount (minus payments already made by defendant) to plaintiff from the parties' retirement accounts. The order then provided, "After the Plaintiff is awarded her equitable share of the value of the real estate, . . . all remaining retirement assets shall be divided equally between the parties," except that defendant's share would be increased by $4,250 because there was $8,500 missing from plaintiff's retirement account. The order also awarded plaintiff $2,500 per month in spousal support for two years, after which spousal support would be decreased to $2,000 per month until plaintiff turned 62 years old. Finally, the order stated that plaintiff could request attorney fees pursuant to MCR 3.206(D) because plaintiff incurred excessive attorney fees as a result of defendant's behavior.

On May 17, 2021, the trial court entered a judgment of divorce, which stated that it incorporated the terms of the trial court's February 24, 2021 order. In this judgment, however, the court ordered defendant to pay plaintiff $1,156,839 from his retirement accounts, which included plaintiff's share of the equity in the parties' real property minus certain payments defendant had already made (which the court calculated to be $649,940), plus $508,833 as her share of the parties' retirement accounts. This appeal followed.

## II. ANALYSIS

### A. DIVISION OF PROPERTY

Defendant first challenges the trial court's division of property, arguing in relevant part that the trial court's total award in the judgment of divorce was not consistent with the terms of its February 24, 2021 order. We agree.

MCR 2.602(B) provides:

> An order or judgment shall be entered by one of the following methods:
>
> (1) The court may sign the judgment or order at the time it grants the relief provided by the judgment or order.
>
> (2) The court shall sign the judgment or order when its form is approved by all the parties and if, in the court's determination, it comports with the court's decision.

---

[1] After this order was issued, plaintiff filed a motion asking the trial court to clarify the order, which the court did in an order dated April 21, 2021. For simplicity, this opinion's references to the February 24, 2021 order is to that order as amended by the April 21, 2021 order.

(3) Within 7 days after the granting of the judgment or order, or later if the court allows, a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice. The party must file with the court clerk the notice and proof of service along with the proposed judgment or order.

(a) If no written objections are filed within 7 days of the date of service of the notice, the judge shall sign the judgment or order if, in the court's determination, it comports with the court's decision. If the proposed judgment or order does not comport with the decision, the court shall direct the clerk to notify the parties to appear before the court on a specified date for settlement of the matter.

(b) Objections regarding the accuracy or completeness of the judgment or order must state with specificity the inaccuracy or omission.

(c) The party filing the objections must serve them on all parties as required by MCR 2.107, together with a notice of hearing and an alternative proposed judgment or order.

(d) The court must schedule the hearing upon filing of the first objection, and the party filing the objection must serve the notice of hearing under subrule (B)(3)(c). Other parties to the action may file objections with the court through the end of the 7-day period. The court must schedule a hearing for all objections within 14 days after the first objection is filed or as soon as is practical afterward.

(4) A party may prepare a proposed judgment or order and notice it for settlement before the court. Pursuant to MCR 2.119(G)(3)(b), a motion fee may not be charged.

On April 30, 2021, plaintiff motioned for entry of judgment of divorce, and attached a proposed judgment that she represented comported with the trial court's February 24, 2021 order. Defendant filed objections to the proposed judgment on May 7, 2021. Those objections, however, did not comport with the requirements in MCR 2.602(B)(3)(b) and (c), and, on May 12, 2021, the trial court dismissed the objections without a hearing that would have otherwise been required under MCR 2.602(B)(3)(d). The trial court then held a hearing on May 14, 2021, in which it stated that there were no objections to plaintiff's proposed judgment and concluded that the proposed judgment comported with the court's February 24, 2021 order. On May 17, 2021, the trial court entered the judgment as proposed by plaintiff. Accordingly, it appears that the trial court entered the judgment in accordance with MCR 2.602(B)(3)(a).

Under that subrule, the court may only sign the judgment if it comports with the court's decision. MCR 2.602(B)(3)(a). We agree with defendant that, here, the trial court's May 17, 2021 judgment plainly did not comport with the trial court's February 24, 2021 decision, contrary to the

trial court's May 14, 2021 ruling.[2]  Specifically, in the February 24, 2021 order, under the section labeled "retirement accounts," it states, "*After* the Plaintiff is awarded her equitable share of the value of the real estate, minus the attorney fees from Defendant's 401K, all remaining retirement assets shall be divided equally between the parties." (Emphasis added.)  In the same order, the trial court calculated the total amount in the parties' retirement accounts as $1,026,166, and calculated plaintiff's equitable share of the value of the real estate as $649,940.  Yet, in its eventual judgment, the trial court ordered defendant to pay $1,156,839 from his retirement accounts, explaining that this represents plaintiff's $649,490 share of the equity in the parties' real property plus a $508,833 share of the parties' retirement accounts.[3]  This latter calculation was clearly reached by calculating plaintiff's share of the parties' retirement account *before* she was awarded her equitable share of the value of the parties' real property, in clear contradiction of the trial court's earlier order.  Accordingly, plaintiff's proposed judgment did not comport with the trial court's February 24, 2021 order.  The trial court's conclusion to the contrary was plainly incorrect.

This plain error affected defendant's substantial rights.  In its February 24, 2021 order, the trial court carefully walked through its consideration of the *Sparks*[4] factors in deciding how to equitably distribute the marital property.  After doing so, the court determined that plaintiff should receive her share of the equity of the parties' real property from the parties' retirement account, and then split the remaining retirement assets equally, with slight adjustments.  Rather than follow this ruling, however, the judgment of divorce awarded plaintiff more than the entirety of the retirement accounts, leaving defendant, at age 64 and suffering from multiple health conditions as noted by the trial court, without any retirement savings in contradiction of what the trial court previously ordered.  Moreover, the May 17 judgment was written in a way that made compliance with the order impossible.  The May 17 judgment states that "Defendant shall transfer the amount

---

[2] While this precise issue was not raised in the trial court, it is unclear whether defendant needed to do so to preserve the issue for appeal.  MCR 2.602(B)(3)(a) requires trial courts to find that a proposed order "comports with the court's decision" regardless of whether there is an objection, which would suggest that the issue is reviewable on appeal despite a lack of objection.  See MCR 2.517(A)(7) ("No exception need be taken to a finding or decision.").  Yet there is authority to suggest that a failure to object to a proposed judgment precludes appellate review.  See *Eriksen v Fisher*, 166 Mich App 439, 451; 421 NW2d 193 (1988).  We need not resolve this issue, however, because it does not change the result.  Even if defendant needed to object to the proposed judgment in order to now raise the issue on appeal, given the unique circumstances of this case, including the fact that defendant tried to object to the proposed judgment but the trial court denied defendant's objections without the required hearing, we will exercise our discretion to review this issue, treating it as unpreserved.  Unpreserved errors are reviewed for plain error affecting substantial rights.  See *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000).

[3] The $508,833 is not precisely half of the total in the parties' retirement account because the trial court subtracted the $4,250 from plaintiff's half as the amount that defendant's share would increase due to the missing $8,500 from plaintiff's retirement account, as specified in the February 24, 2021 order.

[4] *Sparks v Sparks*, 440 Mich 141, 159-160; 485 NW2d 893 (1992).

-4-

of $1,156,839 from the Defendant's retirement accounts" to plaintiff, but $1,156,839 exceeds the amount in defendant's retirement accounts as determined by the trial court. It would be impossible for defendant to transfer $1,156,839 "from [his] retirement accounts." We therefore conclude that the trial court's apparent failure to follow the February 24, 2021 order without an explanation why its new allocation of the parties' property was equitable affected defendant's substantial rights.

Accordingly, we vacate the May 17, 2021 judgment to the extent that it calculated plaintiff's share of the equity in the parties' retirement accounts *before* subtracting her equitable share of the value of the real estate, and remand to the trial court to either enter judgment in accordance with its February 24, 2021 order or explain its apparent deviation from that order. See, e.g., *Hagen v Hagen*, 202 Mich App 254, 258-259; 508 NW2d 196 (1993) (holding that it is within the equitable power of the trial court to modify a judgment of divorce, even if final).[5]

## B. SPOUSAL SUPPORT

Defendant next argues that the trial court abused its discretion by awarding plaintiff spousal support because it was not calculated considering the parties' assets and actual needs, and because of the inequitable property division. We disagree.

A trial court's decision to award spousal support or to impute income is reviewed for abuse of discretion. *Loutts v Loutts*, 298 Mich App 21, 25-26; 826 NW2d 152 (2012). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Id*. at 26 (quotation marks and citation omitted). A trial court's factual findings are reviewed for clear error. *Id*. "A finding is clearly erroneous if, after reviewing the entire record, we are left with the definite and firm conviction that a mistake was made." *Id*. If a clear error has not occurred, this Court "must determine whether the dispositional ruling was fair and equitable under the circumstances of the case" and "must affirm the trial court's dispositional ruling unless we are convinced that it was inequitable." *Id*.

"The object in awarding spousal support is to balance the incomes and needs of the parties so that neither will be impoverished; spousal support is to be based on what is just and reasonable under the circumstances of the case." *Berger v Berger*, 277 Mich App 700, 726; 747 NW2d 336 (2008). "Spousal support does not follow a strict formula." *Loutts*, 298 Mich App at 30. Trial courts should consider the following factors in awarding spousal support:

> (1) the past relations and conduct of the parties, (2) the length of the marriage, (3) the abilities of the parties to work, (4) the source and amount of property awarded to the parties, (5) the parties' ages, (6) the abilities of the parties to pay alimony, (7) the present situation of the parties, (8) the

---

[5] Defendant also contends that the trial court's division of real property was not equitable, but we do not reach this argument in light of our decision to remand on this issue. In so doing, we allow defendant the opportunity to raise the issue at a later date if the trial court explains whether (and why) its division of property in the May 17, 2021 order was correct, despite its apparent failure to follow the court's February 24, 2021 order.

needs of the parties, (9) the parties' health, (10) the prior standard of living of the parties and whether either is responsible for the support of others, (11) contributions of the parties to the joint estate, (12) a party's fault in causing the divorce, (13) the effect of cohabitation on a party's financial status, and (14) general principles of equity. [*Berger*, 277 Mich App at 726-727 (quotation marks and citation omitted).]

"The trial court should make specific factual findings regarding the factors that are relevant to the particular case." *Myland v Myland*, 290 Mich App 691, 695; 804 NW2d 124 (2010) (quotation marks and citation omitted).

The trial court did not abuse its discretion by awarding spousal support because its decision was reasonable and sufficient to support appellate review. See *Loutts*, 298 Mich App at 25-26. Contrary to defendant's argument, the trial court's decision to award spousal support took into consideration the parties' assets and needs. The trial court concluded that because of plaintiff's age, her illnesses, the income disparity between the parties, and the fact that defendant supported plaintiff throughout their entire marriage, plaintiff needed money to pay for her living expenses to prevent her from becoming impoverished. The court further reasoned that the assets plaintiff received from defendant's retirement account would be in an individual retirement account that she could not withdraw from without penalty for several years. Although defendant asserts that the trial court's award of spousal support to plaintiff impoverished him, the trial court did not clearly err by determining that defendant would be able to financially support himself because he was making more than $100,000 per year and, even if he retired, he had access to income-producing assets, including rental income.

Defendant nevertheless argues that the trial court abused its discretion by awarding spousal support because the property distribution was inequitable. We decline to address this issue, however, because defendant's argument is based in part on the trial court's award of the retirement accounts, and we have remanded for the trial court to reconsider that issue. Any consideration of this argument at this point would be premature.

## C. ATTORNEY FEES

Defendant argues that the trial court could not award plaintiff attorney fees pursuant to MCR 3.206(D). At the divorce trial, plaintiff argued that she was entitled to attorney fees, and defendant did not oppose the motion. Consequently, in its February 24, 2021 order, the trial court awarded plaintiff her requested attorney fees. Following that order, defendant did not object to the award of attorney fees or otherwise ask the trial court to clarify the basis for the award. Accordingly, the award of attorney fees was eventually incorporated into the trial court's May 17, 2021 judgment of divorce. Michigan generally follows the raise or waive rule of appellate review, meaning a litigant's "failure to timely raise an issue waives review of that issue on appeal." *Walters v Nadell*, 481 Mich 377, 387, 751 NW2d 431 (2008) (quotation marks and citation omitted). Although "this Court can overlook the preservation issue when failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented," *Mitchell v Mitchell*, 296 Mich App 513, 521; 823 NW2d 153 (2012) (quotation marks and citation omitted), none of these exceptions are present here. See, e.g., *Napier v Jacobs*,

-6-

429 Mich 222, 234; 414 NW2d 862 (1987) ("More than the fact of the loss of the money judgment of $60,000 in this civil case is needed to show a miscarriage of justice or manifest injustice.").

Even if this issue was not waived, defendant concedes that it is unpreserved, and we would conclude that defendant has failed to establish any error affecting his substantial rights. See *Kern v Blethen-Coluni*, 240 Mich App 333, 336; 612 NW2d 838 (2000) (explaining that the standard of review for unpreserved errors is plain error affecting substantial rights).

The May 17, 2021 judgment of divorce provides that "Plaintiff may file a Bill of Costs and request Defendant pay some or all of her attorney fees and costs incurred in this case" under MCR 3.206(D). That rule in turn provides in relevant:

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.
>
> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that
>
> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or
>
> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules. [MCR 3.206(D).]

Defendant argues that he was only found to have violated one of the trial court's previous orders, and violating that one order would not support requiring him to, in his words, pay "attorney fees for the entirety of the divorce proceedings to" plaintiff. Even accepting as true that defendant only violated one order,[6] defendant clearly could have been responsible for the attorney fees and expenses incurred by plaintiff because of defendant's refusal to comply with that order. See MCR 3.206(D)(2)(b). The judgment of divorce states that plaintiff "may" file a bill of costs and "request Defendant pay *some* or all of her attorney fees incurred in this case." (Emphasis added.) It is unclear how much, if any, attorney fees defendant has been required to pay. Accordingly, given the language in the divorce judgment awarding "some" of plaintiff's attorney fees and the fact that defendant, through his own admissions, could be responsible for at least "some" of plaintiff's attorney fees, we cannot conclude that the provision in the judgment of divorce awarding plaintiff attorney fees was a plain error that affected defendant's substantial rights.

---

[6] Defendant actually violated more than one of the trial court's orders, and was held in contempt of court for doing so two times before the divorce trial.

Affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien