ELLISON v CITY OF DETROIT

Docket No. 133463. Submitted June 24, 1992, at Lansing. Decided November 17, 1992, at 9:15 A.M. Leave to appeal sought.

Calvin T. Ellison sought workers' compensation benefits from the City of Detroit. The parties entered into a redemption agreement, and a redemption order was entered. When the city failed to make the redemption payment within thirty days after the order became final, Ellison sought imposition of penalties pursuant to MCL 418.801(2); MSA 17.237(801)(2). The Workers' Compensation Appeal Board awarded penalties in the amount of $850 and interest at ten percent. The city appealed by leave granted.

The Court of Appeals *held:*

The penalty provision of § 801 of the Workers' Disability Compensation Act is not applicable to redemptions. The appeal board erred in awarding penalties.

Reversed in part.

*Michael V. Marston,* for the plaintiff.

*Donald Pailen,* Corporation Counsel, and *Rosa Bava,* Assistant Corporation Counsel, for the defendant.

Before: HOLBROOK, P.J., and WEAVER and MC-DONALD, JJ.

WEAVER, J. These proceedings originated when plaintiff filed a petition against defendant, seeking workers' disability compensation benefits on the basis of personal injury and occupational disease. Plaintiff redeemed his claim in front of a hearing referee on March 27, 1985, for $4,950. A check was issued for the wrong amount, so defendant issued another check on May 28, 1985. Plaintiff alleges

that because the redemption check was supplied to him seventeen days late, the penalty provision of MCL 418.801(2); MSA 17.237(801)(2) should apply.

The Workers' Compensation Appeal Board awarded $850 in penalties and interest at ten percent a year. Defendant now appeals by leave granted. We reverse in part.

Defendant argues that the penalty provision of § 801 does not apply to a redemption. We agree. MCL 418.801(2); MSA 17.237(801)(2) provides:

If weekly compensation benefits or accrued weekly benefits are not paid within 30 days after becoming due and payable, in cases where there is not an ongoing dispute, $50.00 per day shall be added. . . .

However, a redemption payment is distinct from weekly compensation benefits or accrued weekly benefits. Redemption is a method of settling a case without necessarily admitting liability. MCL 418.835; MSA 17.237(835). Redemption cannot factually or legally overlap or duplicate compensation. *Powell v Casco Nelmor Corp*, 406 Mich 332; 279 NW2d 769 (1979).

Section 801(2) was drafted to provide for penalties in specific instances, and those instances do not include redemptions. Penalty provisions are strictly construed in favor of the person being penalized. *Goetz v Black*, 256 Mich 564; 240 NW 94 (1932).

Our resolution of this issue makes it unnecessary to address the second, which concerns the appeal board's imposition of interest on the penalty.

We reverse that portion of the order below that imposed penalties because of the late redemption payment. Reversed in part.