CUNNINGHAM v CUNNINGHAM

Docket No. 285541. Submitted November 9, 2009, at Lansing. Decided July 13, 2010, at 9:05 a.m.

Rosemarie Cunningham brought an action in the Livingston Circuit Court seeking a divorce from James T. Cunningham. Before the parties were married, defendant had been severely injured while employed in construction work and sought benefits under the Worker's Disability Compensation Act, MCL 418.101 *et seq.* Defendant's workers' compensation claim was not resolved for many years, and the parties were married while the claim was pending. The claim was ultimately resolved five years after the parties had married. Defendant received a lifetime award of benefits and a lump-sum payment of $150,000 retroactive to the date of his injury. Defendant placed the award into the parties' joint savings account. The same year that defendant received the retroactive award, the parties purchased their second marital home using $90,000 from the retroactive award, $25,000 from the sale of their first home, and $20,000 from plaintiff's premarital retirement savings account. The remaining $60,000 of defendant's retroactive award was spent over the remaining course of the parties' marriage. In the divorce action, the parties mediated the distribution of marital property except with regard to distribution of the equity in the marital home. The court, Carol S. Reader, J., concluded that the $90,000 used from defendant's retroactive award to purchase the marital home was defendant's separate property and not subject to distribution as part of the marital estate. Plaintiff appealed.

The Court of Appeals *held*:

1. Workers' compensation benefits are marital property to the extent that they compensate for wages lost during the marriage, i.e., between the beginning and the end of the marriage. The trial court erred by failing to calculate what portion of defendant's retroactive award was marital property in light of the fact that the award included benefits for the first five years of the parties' marriage. Only that portion of defendant's retroactive award that compensated for wages lost dur-

ing the years before the parties were married could properly have been characterized as separate property.

2. Separate assets may lose their character as separate property and transform into marital property, and thus become subject to equitable division, if they are commingled with marital assets and treated by the parties as marital property. Defendant took no steps to maintain that portion of the retroactive award that was his separate property when it was awarded as separate property. Rather, he deposited the award into a joint savings account and then further commingled $90,000 of the award with some of plaintiff's funds and other joint funds in order to purchase a home with plaintiff. As a result, the $90,000 lost any separate character that it may have had, and the trial court erred by failing to include the $90,000 in the marital estate.

Reversed and remanded.

DIVORCE — PROPERTY DIVISIONS — WORKERS' COMPENSATION BENEFITS — MARITAL ASSETS — SEPARATE ASSETS — RETROACTIVE AWARDS OF WORKERS' COMPENSATION BENEFITS DURING THE MARRIAGE FOR PREMARITAL INJURIES.

Worker's compensation benefits are marital property to the extent that they compensate for wages lost during the marriage, i.e., between the beginning and the end of the marriage (MCL 552.19).

*Halm, Christian & Prine, P.C.* (by *David E. Prine*), for Rosemarie Cunningham.

*Trost & Wolfer, P.C.* (by *Richard M. Trost*), for James T. Cunningham.

Before: BORRELLO, P.J., and WHITBECK and K. F. KELLY, JJ.

K. F. KELLY, J. In this divorce action, we must decide whether, and to what extent, workers' compensation benefits received during a marriage are to be considered marital property. We hold that such benefits are marital property only to the extent that they compensate for wages lost during the marriage. We further conclude that the trial court erroneously awarded

defendant, as his separate property, that portion of his workers' compensation award used as part of the down payment on the parties' second marital home. We reverse and remand.

## I. BASIC FACTS

The parties were married in October 1982. In November 2007, plaintiff filed for divorce. The parties mediated the distribution of marital property, except with regard to distribution of the equity in the marital home. The home, the parties' second, was purchased in part with a portion of defendant's workers' compensation award received five years into the marriage.

### A. THE WORKERS' COMPENSATION AWARD

When defendant was 16, he suffered a severe and permanently disabling injury while employed in construction work. He broke his spine and became a residual paraplegic. Although his physical abilities were limited, he was able to return to work for a period of time.[1] After the injury, defendant filed a claim for benefits under the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq*. Litigation related to the compensation claim was lengthy and, while the claim was pending, defendant married plaintiff in 1982.

The claim was ultimately resolved in 1987. Defendant received a lifetime award of benefits, paid on a monthly basis. At the time of divorce, defendant was receiving $2,850 a month. The parties used the monthly benefits to defray ongoing marital expenses. He was also awarded a lump-sum payment of $150,000 retroactive to the date of

---

[1] Defendant stopped working in 1998 or 1999 because his condition worsened over time.

injury (hereinafter the "retroactive award").[2] The entireretroactive award was put into the parties' joint savings account.

### B. THE MARITAL HOME

The same year defendant received the retroactive award, the parties purchased the marital home that is the subject of the present litigation. The home was purchased with $90,000 from defendant's retroactive award; $25,000 in proceeds from the sale of the parties' first home, which they had purchased together when they married; and approximately $20,000 from plaintiff's premarital 401K.[3] The remaining $60,000 of the retroactive award remained in the parties' joint savings account and was spent during the rest of their 25-year marriage. At the time of the divorce proceedings, the home was valued at $252,000 and had an outstanding mortgage of approximately $56,000.

### C. THE TRIAL

At trial, defendant requested that the $90,000 he contributed from the retroactive award to purchase the marital home be awarded to him as his separate property and not be included in the marital estate. Plaintiff

---

[2] The exact contours of the award defendant received are unclear from the record. Counsel for both parties referred to the award throughout the record as a "redemption" and, alternatively, as a retroactive award. However, whether defendant truly received a "redemption" award, as that term is used in MCL 418.835 of the WDCA, is unclear. See *Ellison v Detroit*, 196 Mich App 722, 723; 493 NW2d 523 (1992) (stating that "[r]edemption is a method of settling a case without necessarily admitting liability"). Nonetheless, it appears to be undisputed that defendant received a lump-sum award retroactive to the date of injury after years of litigation. For this reason, we simply refer to this lump-sum award as the retroactive award.

[3] Plaintiff's contribution of her premarital 401(k) to the down payment on the home is not at issue in this appeal.

countered that the entire retroactive award was properly included within the marital estate and asserted, in particular, that because $90,000 of the retroactive award had been commingled with other funds to purchase the martial home, it was part of the marital estate and subject to distribution.

At the close of the parties' proofs, the trial court awarded the marital home to defendant and ordered that he pay plaintiff $53,000.[4] It found that $90,000 of the retroactive award was defendant's separate property and not subject to distribution as part of the marital estate. The court reasoned as follows:

> [T]he injury happened when he was 16 years old. It took over ten years of litigation to get any money. It only came into the marriage, because it happened that that's when the lawsuit was settled. It has nothing to do when [sic] the injury was or anything else and it was given to him for his life, um, and for him to rely on that for life compensation.
>
> \* \* \*
>
> Well, he can spend the money however he chooses and he chose to use it for housing, okay. And she got the benefit of having the house as well. But when the money was awarded, in this case it seems, that there is a difference in the fact that he wasn't married when the incident happened at age 16 and only because it took so long in the courts did he get an award while he was married.
>
> \* \* \*

---

[4] It is somewhat unclear how the court arrived at this figure. However, it appears the trial court subtracted the remaining mortgage amount from the total value of the marital home, then subtracted defendant's retroactive award contribution, and divided that number by two:

$252,000 - $56,000 = $196,000.

$196,000 - $90,000 = $106,000.

$106,000/2 = $53,000.

It wasn't given to him for himself and dependents at that time, unless you can show a judgment that shows that. But I think that's a big difference in this case, because most of the ones that I read have to do with a person having compensation for themselves and their dependents and it's like that, but I don't see that in this case . . . .

This appeal followed.

### II. STANDARDS OF REVIEW

In a divorce action, we review for clear error a trial court's factual findings related to the division of marital property. *Sparks v Sparks*, 440 Mich 141, 151; 485 NW2d 893 (1992). A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made. *Pickering v Pickering*, 268 Mich App 1, 7; 706 NW2d 835 (2005). We address questions of law de novo. *Id.*

### III. WORKERS' COMPENSATION BENEFITS AND DIVORCE PROCEEDINGS

Plaintiff first argues that defendant's entire retroactive workers' compensation award is marital property subject to equitable division because it was received during the marriage. We disagree. A spouse's workers' compensation award received during the marriage is not necessarily marital property; rather, a benefit received during marriage is marital property only if it compensates for wages lost between the beginning and the end of the marriage.

### A. SEPARATE VERSUS MARITAL PROPERTY

In any divorce action, a trial court must divide marital property between the parties and, in doing so, it must first determine what property is marital and what property is separate. *Reeves v Reeves*, 226 Mich App

490, 493-494; 575 NW2d 1 (1997). Generally, marital property is that which is acquired or earned during the marriage, whereas separate property is that which is obtained or earned before the marriage. MCL 552.19. Once a court has determined what property is marital, the whole of which constitutes the marital estate, only then may it apportion the marital estate between the parties in a manner that is equitable in light of all the circumstances. See *Byington v Byington*, 224 Mich App 103, 110, 112-113; 568 NW2d 141 (1997). As a general principle, when the marital estate is divided "each party takes away from the marriage that party's own separate estate with no invasion by the other party." *Reeves*, 226 Mich App at 494.

The categorization of property as marital or separate, however, is not always easily achieved. While income earned by one spouse during the duration of the marriage is generally presumed to be marital property, *Byington*, 224 Mich App at 112, there are occasions when property earned or acquired during the marriage may be deemed separate property. For example, an inheritance received by one spouse during the marriage and kept separate from marital property is separate property. *Dart v Dart*, 460 Mich 573, 584-585; 597 NW2d 82 (1999). Similarly, proceeds received by one spouse in a personal injury lawsuit meant to compensate for pain and suffering, as opposed to lost wages, are generally considered separate property. *Washington v Washington*, 283 Mich App 667, 674; 770 NW2d 908 (2009); *Pickering*, 268 Mich App at 10. Moreover, separate assets may lose their character as separate property and transform into marital property if they are commingled with marital assets and "treated by the parties as marital property." *Pickering*, 268 Mich App at 10-12, citing *Wilson v Wilson*, 179 Mich App 519, 521, 524; 446 NW2d 496 (1989). The mere fact that property

may be held jointly or individually is not necessarily dispositive of whether the property is classified as separate or marital. See *Korth v Korth,* 256 Mich App 286, 292-293; 662 NW2d 111 (2003); *Reeves,* 226 Mich App at 495-496.

### B. WORKERS' COMPENSATION BENEFITS AS MARITAL PROPERTY

The pertinent question in this appeal is whether, and to what extent, defendant's workers' compensation benefits are marital property, subject to division. While the distinction between separate and marital property has been well established, see *Charlton v Charlton,* 397 Mich 84, 93-94; 243 NW2d 261 (1976), the law regarding the division of a workers' compensation award in divorce actions when the injury occurred before the marriage has not been addressed.

"[T]he purpose of the WDCA is to compensate employees for work-related injuries." *Sweatt v Dep't of Corrections,* 468 Mich 172, 189; 661 NW2d 201 (2003) (opinion by MARKMAN, J.). As our Supreme Court has stated:

> The act was originally adopted to give employers protection against common-law actions and to place upon industry, where it properly belongs, not only the expense of the hospital and medical bills of the injured employee, but place upon it the burden of making a reasonable contribution to the sustenance of that employee and his dependents during the period of time he is incapacitated from work. This was the express intent of the legislature in adopting this law. [*Lahti v Fosterling,* 357 Mich 578, 585; 99 NW2d 490 (1959).]

See also *Totten v Detroit Aluminum & Brass Corp,* 344 Mich 414, 418; 73 NW2d 882 (1955) (construing the act as " 'providing that as against the employer[,] the injured employee and his dependents have no rights

and can enforce no liability except those provided in the act' ") (citation omitted); *Evans v Evans*, 98 Mich App 328, 330; 296 NW2d 248 (1980) (construing the act as benefiting both employees and their dependents). Thus, under the act, a disabled worker is entitled to receive 80 percent of his or her after-tax average weekly wage. MCL 418.351(1); *Schmaltz v Troy Metal Concepts, Inc*, 469 Mich 467, 469; 673 NW2d 95 (2003). In effect, this benefit provides a disabled worker with earnings that substitute for the earnings the worker would have made had he or she not been disabled. Significantly, the WDCA does not explicitly exempt these "substitute" earnings from being considered marital property subject to division in a divorce proceeding.

Using the rationale that the WDCA is meant to assist the worker and the worker's dependents, this Court has previously held that workers' compensation benefits received during the marriage are to be considered marital assets. This Court first addressed the issue in *Evans*. In that case, two months after the plaintiff filed for divorce, he was injured at his employment. Several years later, but before the divorce was finalized, he received a workers' compensation award of accrued benefits. *Evans*, 98 Mich App at 329. The trial court determined that the award was marital property and awarded the plaintiff a 1/2 interest in the benefits. *Id.* This Court affirmed, holding that "[s]ince the Worker's Disability Compensation Act was enacted to assist both the worker and his dependents, *i.e.*, his spouse, we conclude that such benefits received during the course of the marriage should be considered a marital asset." *Id.* at 330.

Two years after *Evans* was decided, this Court addressed the question whether a workers' compensation claim is properly characterized as a marital asset in

*Smith v Smith*, 113 Mich App 148, 150-151; 317 NW2d 324 (1982). In *Smith*, the plaintiff's work-related injury occurred during the marriage. *Id.* at 151. The employer made a redemption offer, also during the marriage, but the plaintiff rejected it as too low. *Id.* The divorce was finalized before the plaintiff was granted an award. *Id.* The trial court classified the plaintiff's workers' compensation claim as a marital asset, and this Court affirmed, again reasoning that "[s]ince the Worker's Disability Compensation Act was promulgated to assist both the worker and her spouse, the trial court did not err when it included the compensation as part of the marital assets." *Id.* at 151. The Court noted that should the workers' compensation award be less than anticipated, the plaintiff could move to modify the divorce settlement. *Id.* at 151 n 1. In effect, the *Smith* Court concluded that a prospective award for an injury that occurred during the marriage could be classified as marital property.

No cases since *Evans* and *Smith* have substantively addressed the classification of workers' compensation benefits in divorce proceedings.[5] While we agree with the holdings of these cases in light of their particular facts, they fail to resolve the question in this case in which the injury occurred before the marriage but a

---

[5] A more recent decision of this Court, *Lee v Lee*, 191 Mich App 73, 78-79; 477 NW2d 429 (1991), indicated that the trial court properly characterized a workers' compensation benefit received during the marriage as marital property. There, the plaintiff's injury and her receipt of the workers' compensation award both occurred during the marriage. The central holding of *Lee*, however, was that the length of the parties' marriage does not relieve a trial court of its duty to classify property as separate or marital property. *Id.* at 78. Thus, no substantive analysis was devoted to the issue of characterizing workers' compensation benefits; rather, the *Lee* Court, citing *Smith*, 113 Mich App at 150-151, as support, merely indicated that the trial court did not err by categorizing the award as marital property.

retroactive award was received during the marriage. However, we find these cases' rationales for concluding that workers' compensation benefits are marital property to be persuasive and adopt the same reasoning here. "It would indeed be a [strange] inversion of statutory construction to hold that an act passed for the benefit of a workman *and his dependents* places the amounts paid under an award of the commission beyond the reach of the dependents it is supposed to help support." *Petrie v Petrie*, 41 Mich App 80, 83; 199 NW2d 673 (1972).

Moreover, we believe an additional consideration, separate from the purpose of the WDCA, supports the conclusion that workers' compensation awards may be classified as marital property: Workers' compensation benefits received by a spouse are synonymous with a spouse's earnings, and a spouse's earnings accrued during the course of a marriage are presumed to be marital property. See *Byington*, 224 Mich App at 112. This rationale recognizes that the authority to equitably divide marital property, and to classify property as separate or marital, derives not from the WDCA, but from the statutes controlling divorce proceedings. MCL 552.1 *et seq.*; see *Charlton*, 397 Mich at 92. Given the fact that workers' compensation benefits are akin to earnings, there can be no question that an award of benefits may be considered marital property under certain circumstances. Indeed, the statute directs that "[t]he trial court should include all property that came 'to either party by reason of the marriage' as part of the marital estate." *Pickering*, 268 Mich App at 12, citing MCL 552.19.

Absent from the jurisprudence on the issue is whether a workers' compensation award that is retroactive to the date of an injury that preceded the

marriage but was received during the marriage is properly classified as a marital asset. Because a spouse's earnings are classified as marital property only between the beginning and end of the marriage, see *Bone v Bone*, 148 Mich App 834, 837-838; 385 NW2d 706 (1986), we hold that workers' compensation benefits are to be considered marital property only to the extent that they compensate for wages lost *during* the marriage, i.e., between the beginning and the end of the marriage. Any workers' compensation benefits awarded for periods before the marriage or after its dissolution are akin to a party's individual earnings and are to be considered separate property because those earnings fall outside the beginning and the end of the marriage. It is not difficult to imagine factual circumstances in which a spouse would receive workers' compensation benefits during the marriage covering a period before the marriage. Such benefits would not be classified as marital property, but as separate property. A court could, however, invade that property in appropriate circumstances. See MCL 552.23 and MCL 552.401.

### C. DEFENDANT'S RETROACTIVE BENEFIT AWARD

In this case, the trial court erred by finding that the retroactive award was defendant's separate property. It never calculated what portion of the award would have theoretically been defendant's separate property. Instead, it found that the entire retroactive award constituted defendant's property, despite the fact that the award included benefits for the first five years of the parties' marriage. Because a workers' compensation award for lost wages is marital property if it compensates for wages lost *during* the marriage, only that portion of defendant's retroactive award that compensated for wages lost *before* the marriage, i.e., from 1976

to October 1982, was properly characterized as separate property. Accordingly, when defendant received the $150,000 retroactive award five years into the marriage, only the portion of it compensating for wages lost before the parties' marriage could have potentially been considered his separate property.

### IV. MARITAL HOME

Plaintiff next argues that the trial court erred by finding that the portion of the retroactive award used to purchase the marital home was defendant's separate property. In particular, plaintiff asserts that the $90,000 portion of the retroactive award lost its character as separate property when it was deposited in a joint account and used, along with other marital funds, to purchase the marital home.[6] We agree.

Five years after the parties married, defendant received a lifetime workers' compensation award, as well as a $150,000 lump-sum award retroactive to the date of injury. At that point, the portion of the funds that compensated defendant for wages lost before the marriage was defendant's separate property. However, defendant took no steps to maintain those funds as his individual property. Rather, he deposited those funds in a joint account in which both parties regularly deposited funds from their own earnings. Thereafter, he commingled $90,000 of the retroactive award with funds from plaintiff's premarital retirement account, as well as with the proceeds from the sale of the parties' previous marital home, which had been purchased with both parties' savings. These monies were used to jointly purchase the marital home, which the parties continued

---

[6] The parties do not dispute that the remaining $60,000 of the retroactive award used for various expenses over the course of the marriage cannot be returned to defendant.

to live in for the duration of their marriage, approximately 20 years. Although the award of workers' compensation benefits derived from litigation predating the parties' marriage, and a portion of it is theoretically traceable as defendant's separate property, defendant's actions after receiving the funds established that he intended to contribute $90,000 of those funds to the marital purpose of acquiring a new home.

Defendant relies on *Reeves* to argue that separate property that has been commingled to purchase property is properly considered a separate asset and must be returned to a party upon divorce. His reliance is misplaced. In *Reeves*, the defendant had purchased numerous properties using his own funds before the parties' marriage and, after the parties married, he continued to make all payments on those properties using his own funds. *Reeves*, 226 Mich App at 492. After three years of marriage the parties divorced. On appeal, this Court determined that the individual funds defendant used to purchase the properties before the marriage were his separate property not to be included in the marital estate. *Id.* at 492-493, 495-497.

In this case, unlike in *Reeves*, defendant and plaintiff jointly purchased the marital home by combining their separate funds (assuming a portion of the $90,000 from the retroactive award consisted of defendant's premarital lost wages) as well as some of their joint funds, for the down payment. Moreover, and perhaps most significantly, defendant, unlike the defendant in *Reeves*, did not purchase the marital home individually and with solely his own funds *before* the parties' marriage. Nor was the entire down payment on the home provided solely from defendant. Rather, the parties in the instant case were already married at the time of purchase, purchased the home from their combined resources,

and continued to live in the marital home for nearly 20 years. The fact that the monies defendant used derived from litigation predating the marriage is irrelevant. The bottom line remains that defendant, during his marriage to plaintiff, commingled his theoretically separate funds with marital funds and some of plaintiff's separate funds to jointly accomplish the marital goal of purchasing a home. The actions and course of conduct taken by the parties are the clearest indicia of whether property is treated or considered as marital, rather than separate, property. On this record, there is no evidence from which to conclude that defendant considered the funds his separate property or that it retained its separate character. Thus, *Reeves* does not dictate the conclusion that the $90,000 should be excluded from the marital estate. Rather, because defendant commingled those monies with marital funds and with plaintiff's separate funds to purchase the marital home, it lost any separate character it may have had and should have been included in the marital estate. See *Pickering*, 268 Mich App at 12-13. The trial court erred by finding that defendant's $90,000 portion of the down payment constituted separate property and by excluding it from the marital estate.

## V. CONCLUSION

Workers' compensation awards received during a marriage are not necessarily marital property for purposes of a divorce proceeding. Rather, courts must determine what, if any, portion of the award compensates for wages lost during the marriage. Workers' compensation benefits are to be considered marital property to the extent that they compensate for wages lost during the marriage. See MCL 552.19.

In this case, however, while the pre-marriage portion of defendant's retroactive award was initially defendant's separate property, the trial court failed to recognize that those funds lost any separate character they may have had as a result of the parties' course of conduct with respect to the award. Therefore, on remand, the trial court must consider the $90,000 defendant contributed to the purchase of the home as part of the marital estate. Further, after recognizing the parties' separate estates and the marital estate, the court may consider whether invasion of either party's separate assets is appropriate. See MCL 552.23 and MCL 552.401. The court may hold additional hearings and receive additional exhibits and testimony as, in its discretion, it deems necessary.

Reversed and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.