# STATE OF MICHIGAN

# COURT OF APPEALS

JANICE M. DOLLEN,

        Plaintiff-Appellee,

v

JACK D. DOLLEN,

        Defendant-Appellant.

UNPUBLISHED
April 14, 2015

Nos. 316457 & 318813
Clare Circuit Court
LC No. 11-900274-DM

AFTER REMAND

Before: OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

In Docket No. 316547, this matter returns to us after remand, in which we directed the trial court to explain its distribution of property.[1] Specifically, we directed the trial court to identify whether the property distributed in the judgment of divorce was separate or marital property and to assign values to the property so that we could determine whether the distribution of the marital estate was equitable. For the reasons explained below, we vacate the trial court's equalization award of $210,000 and remand for the trial court to enter an order awarding plaintiff an equalization award of $208,008.

Defendant's main contention on appeal was that plaintiff retained a Vanguard investment account, valued at $70,179, which resulted in an inequitable distribution of the marital estate. Because the trial court did not reference this account in its oral opinion and did not indicate whether it considered the account to be marital or separate property, we remanded for further findings.

On remand, the trial court stated that the Vanguard account, worth $70,179, was awarded to plaintiff as separate property and was not part of the marital estate. As discussed in our original opinion, when distributing property, each party first takes away from the marriage their "own separate property with no invasion by the other party." *Cunningham v Cunningham*, 289

---

[1] In Docket No. 318813, we affirmed.

-1-

Mich App 195, 201; 795 NW2d 826 (2010). Therefore, we reject defendant's contention that plaintiff's retention of the Vanguard account resulted in an inequitable distribution of the marital estate, as it was awarded as her separate property and not distributed as part of the marital estate.

Defendant also contends that the trial court's ultimate distribution of the marital estate was inequitable. We agree. Given that a trial court's dispositional ruling is discretionary, we are to affirm unless we are left with a definite and firm conviction that it was inequitable. *Reed v Reed*, 265 Mich App 131, 150; 693 NW2d 825 (2005).

On remand, the trial court determined that plaintiff received marital property valued at $173,909, and defendant received marital property valued at $589,925. This results in a marital estate worth $763,834. The trial court noted that plaintiff received an equalization payment of $210,000, bringing her share of the marital estate to $383,909, and defendant's share of the marital estate to $379,925.

In its oral opinion following the divorce trial, the trial court indicated that it intended to divide the marital estate 50/50. However, it appears that at that time the trial court miscalculated the marital estate at $767,114. Dividing this figure 50/50 would have resulted in an equalization payment of $209,648 to plaintiff, so the trial court stated in its oral opinion that it chose to award plaintiff a "round figure" of $210,000.

Applying the trial court's intent to divide the marital estate 50/50 to the value of the marital estate determined on remand, $763,834, an exact 50/50 division would actually result in an equalization payment of $208,008, and not the $210,000 that plaintiff was awarded. Therefore, in light of the trial court's stated intent to divide the marital estate 50/50, we hold that plaintiff should have been awarded an equalization payment of $208,008. Accordingly, we vacate the trial court's equalization award of $210,000 and remand for the trial court to enter an order awarding plaintiff an equalization award of $208,008.

Vacated and remanded. We do not retain jurisdiction.

/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto