# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT BRIGGS,

      Plaintiff-Appellee,

v

ESTATE OF SARAH BRIGGS,

      Defendant-Appellant

UNPUBLISHED
July 23, 2015

No. 318943
Wayne Circuit Court
Family Division
LC No. 11-104599-DM

Before: SERVITTO, P.J., and STEPHENS and M. J. KELLY, JJ.

PER CURIAM.

Defendant[1] appeals as of right from a judgment of divorce. We affirm.

Defendant first argues that the trial court erred when it determined that plaintiff does not own a business that could be distributed as part of the marital estate. We disagree.

This Court reviews a trial court's factual findings regarding the division of marital property for clear error. *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). A finding of fact is clearly erroneous if this Court has "a definite and firm conviction that a mistake has been made." *Id*. This Court reviews issues of law de novo. *Id*.

The trial court in a divorce action must divide the marital property between the two parties to the divorce. *Cunningham*, 289 Mich App at 200. Property is categorized as marital or separate. See *id*. at 201. The trial court must decide what property is marital property and what property is separate property. *Id*. at 200. "Generally, marital property is that which is acquired or earned during the marriage, whereas separate property is that which is obtained or earned before the marriage." *Id*. at 201. The trial court then must divide the marital property, which constitutes the marital estate, between the parties in an equitable manner in light of the circumstances of the case. *Id*. The trial court must "consider the duration of the marriage, the contribution of each party to the marital estate, each party's station in life, each party's earning

---

[1] Defendant Sarah Briggs died during these proceedings. On order of the Court, the caption was amended to substitute her name individually for that of her estate. *Briggs v Briggs*, unpublished order of the Court of Appeals, entered July 9, 2015 (Docket No. 318943).

ability, each party's age, health and needs, fault or past misconduct, and any other equitable circumstance." *Woodington v Shokoohi*, 288 Mich App 352, 363; 792 NW2d 63 (2010).

In *McNamara v McNamara*, 178 Mich App 382, 392-393; 443 NW2d 511 (1989), mod on other grounds 436 Mich 862 (1990), this Court held that the trial court erred when it did not determine the value of the defendant's law practice. The trial court refused to evaluate the law practice because it could not reasonably place a value on the practice. *Id*. at 392. This Court held that the trial court erred because the law practice had a market value. *Id*. at 393. This Court noted, "One need not be a lawyer or judge to know that a law practice, in which an experienced practitioner of some sixteen years can gross a 1985 income of $147,628 before expenses, has some worth." *Id*. This Court held that the value of the law practice was the "value to defendant as a going concern." *Id*. at 393. Thus, the basis for determining whether a person owns a business for the purposes of distribution of the marital estate is whether the business had market value as a going concern. See *id*. at 392-393. The value of a business as a going concern is "the value based upon the probability that it will earn money." *Cullen v Voorhies*, 232 Mich 420, 431; 205 NW 177 (1925).

We conclude based upon the record below, that plaintiff's profession as an insurance agent has no market value as a going concern. Plaintiff derives his income from individual clients whom he solicits and there was no evidence that he had a significant core of repeat clients or what is termed "a book of business." Plaintiff receives lump sum payments for each investment made. Plaintiff incurs expenses associated with his work but neither his tax returns nor any testimony presented at the hearing demonstrated that plaintiff had any business assets or liabilities. No evidence was introduced as to market value for the sale of the source of plaintiff's income. Thus, plaintiff's profession does not have any market value outside of plaintiff's earnings because plaintiff only acts as a middleman between the insurance company and the client. See *McNamara*, 178 Mich App at 392-393. Defendant argues that plaintiff was not an employee, made between $500,000 and $1,000,000 each year, and incurred between $60,000 and $90,000 in business expenses each year. However, defendant fails to establish how the fact that plaintiff made an income as an independent contractor and incurred expenses as part of his job requires this Court to conclude that the trial court erred in failing to find that plaintiff owns a business. Thus, the trial court did not err in finding that plaintiff had no business for the purposes of distribution of the marital estate. See *McNamara*, 178 Mich App at 392-393.

Defendant also fails to establish how the fact that plaintiff files a Schedule C form with his federal income tax return requires this Court to hold that the trial court erred in failing to find that plaintiff owns a business. Michael C. Thomas, the parties' accountant, explained that the fact that a person files a Schedule C with his or her income tax return does not mean that the person owns a business. Thomas explained that he had filed a Schedule C for individuals who were not business owners. Even Joseph Cunningham, defendant's valuation expert, stated during his testimony that it was possible for someone who did not own a business to file a Schedule C form. Thus, the fact that plaintiff filed a Schedule C form does not mean that plaintiff owns a business. Furthermore, even if the fact that plaintiff filed a Schedule C form meant that he owns a business for the purpose of his federal income taxes, defendant fails to show how this fact requires this Court to hold that the trial court erred in failing to find that plaintiff's job has value as a marital asset. Therefore, the fact that plaintiff has filed Schedule C forms with his federal income tax returns does not require this Court to hold that the trial court

erred in failing to find that plaintiff owns a business for the purposes of division of the marital estate. See *McNamara*, 178 Mich App at 392-393.

Additionally, even assuming that plaintiff does own a business, defendant fails to show that the business had any market value that could be divided as a marital asset. Plaintiff testified that he has an office at Retirement Strategies. He does not own the office and does not pay any rent to Retirement Strategies. There was no testimony presented at the hearing that indicated that plaintiff keeps a book of business or has any accounts receivable. Plaintiff does incur expenses for office supplies, paperwork, postage, and telephones, in connection with his job. However, to the extent that plaintiff had office supplies and other tangible property that he used to sell insurance, the property was taken into account in the divorce judgment because the trial court distributed all of plaintiff's personal property to him. Therefore, even if plaintiff does own a business, the business does not have any market value. See *Cunningham*, 289 Mich App at 200; *McNamara*, 178 Mich App at 392-393. Defendant does not otherwise challenge the trial court's distribution of the marital assets. For the reasons stated above, defendant's claim fails.

Defendant next argues that the trial court abused its discretion when it denied her motion for attorney fees and expert witness fees. We disagree.

"This Court reviews for abuse of discretion a trial court's decision to award attorney fees and expert witness fees." *Stoudemire v Stoudemire*, 248 Mich App 325, 344; 639 NW2d 274 (2001). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes." *Smith v Smith*, 278 Mich App 198, 207; 748 NW2d 258 (2008). "Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005) (internal citations omitted).

MCL 552.13(1) provides:

> In every action brought, either for a divorce or for a separation, the court *may require* either party to pay alimony for the suitable maintenance of the adverse party, to pay such sums as shall be deemed proper and necessary to conserve any real or personal property owned by the parties or either of them, and *to pay any sums necessary to enable the adverse party to carry on or defend the action, during its pendency*. It may award costs against either party and award execution for the same, or it may direct such costs to be paid out of any property sequestered, or in the power of the court, or in the hands of a receiver. [Emphasis added.]

MCR 3.206(C)(2) provides:

> A party who requests attorney fees and expenses must allege facts sufficient to show that
>
> (a) the party is unable to bear the expense of the action, and that the other party is able to pay, or

(b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

The trial court has discretion to award attorney fees in divorce actions. *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007). The party requesting fees has the burden to produce facts to justify the award. *Ewald v Ewald*, 292 Mich App 706, 725; 810 NW2d 396 (2011). "This would include proving both financial need and the ability of the other party to pay, as well as the amount of the claimed fees and their reasonableness." *Id.* (citations omitted).

The trial court did not abuse its discretion when it denied defendant's motion for attorney fees and expert witness fees. First, as discussed above, the trial court properly concluded that plaintiff does not own a business for the purpose of distribution of the marital estate. Defendant notes in her brief on appeal that she requested the $20,000 in attorney fees and $5,000 in expert witness fees in connection with the business issue. Thus, the trial court did not abuse its discretion because the trial court had discretion to deny defendant's claim, and defendant lost on the underlying issue. See MCL 552.13(1); MCR 3.206(C)(2); *Borowsky*, 273 Mich App at 687.

In addition, it is not clear that the amount defendant requested was necessary to enable her to carry on her claim or defend the action. Cunningham testified that he was paid $1,000 for his testimony at the evidentiary hearing. He explained that his fee to determine the value of plaintiff's business would be $1,500. Thus, defendant only incurred $1,000 in expert witness fees in connection with the evidentiary hearing on whether plaintiff owned a business. Defendant fails to explain the discrepancy between the $1,000 that she paid Cunningham and her request of $5,000 in expert witness fees. In addition, defendant does not state in her brief on appeal, and did not explain in the trial court, whether the $20,000 attorney fee request was necessary to carry on her claim or defend the action. Instead, defendant merely asserted that she was entitled to $20,000 in attorney fees without explaining how she arrived at that number. Thus, the trial court did not abuse its discretion with regard to defendant's request for attorney and expert witness fees since defendant fails to show that the $20,000 in attorney fees and $5,000 in expert witness fees were necessary to carry on her claim or defend the action. See MCL 552.13(1); MCR 3.206(C)(2); *Borowsky*, 273 Mich App at 687. Furthermore, the fact that plaintiff paid at least $20,000 in defendant's legal fees indicates that the additional attorney fees were not necessary for defendant to carry on her claim or defend the action. See MCL 552.13(1); MCR 3.206(C)(2); *Borowsky*, 273 Mich App at 687. The trial court did not abuse its discretion in denying defendant's motion for attorney and expert witness fees.

Affirmed.

/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly

-4-