*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MITCHELL G. MCLAREN,

        Plaintiff-Appellee,

v

BRENDA F. MCLAREN,

        Defendant-Appellant.

UNPUBLISHED
April 29, 2021

No. 351842
Iosco Circuit Court
Family Division
LC No. 17-000772-DO

Before: JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's judgment of divorce. Where the trial court failed to make specific factual findings, we remand for the trial court to make specific findings regarding whether the Florida property is marital property or separate property, the value of the property, and to which party the property belongs. The trial court must also make specific findings regarding the value of plaintiff's pension as it compares to the value of the marital estate awarded to defendant, and based on that information, specific findings as to why the division of the marital estate is equitable.

## I. FACTUAL BACKGROUND

During the course of plaintiff and defendant's marriage, plaintiff worked and maintained health insurance for himself and defendant. Upon plaintiff's retirement, plaintiff was earning a pension and continued to maintain health insurance for himself and defendant even after their separation in 2010. Under plaintiff's pension, he was required to enroll in Medicare upon eligibility and thereafter would have to pay $1,334 per month to maintain health insurance for defendant under his pension. Plaintiff was eligible for Medicare one month after trial and did not wish to pay $1,334 per month to maintain health insurance for defendant. Defendant was able to purchase independent health insurance for herself for an estimated $1,200 per month.

Additionally, during the parties' marriage, the parties jointly purchased and mortgaged numerous homes and properties. Some of the homes were purchased as part of a rental home

business and others were purchased for personal use. In 2007 or 2008, plaintiff and defendant jointly purchased and mortgaged a home located in Florida for defendant's brother, Gary Storts. Neither party spent any significant amount of time at the home or maintained the home. Rather, Storts lived in the home and paid the mortgage until he moved to Michigan because he was suffering from Alzheimer's disease.

After 32 years of marriage, the parties' divorced. Under the judgment of divorce, the trial court concluded, in relevant part, that plaintiff was entitled to his pension and defendant would have to obtain independent health insurance. The trial court awarded a larger portion of the marital estate to defendant to offset the fact that plaintiff was awarded his pension and defendant's burden of obtaining independent health insurance. Additionally, the trial court concluded that the Florida home was "not marital property" and awarded the home to plaintiff. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, defendant argues the trial court erred by finding the Florida property was not marital property and then awarding the property to plaintiff. To be clear, defendant does not contest the trial court's finding that the Florida property constitutes separate property, only that the property should have been awarded to her. Defendant also argues that the trial court also inequitably divided the marital estate by awarding plaintiff his pension in full, and by ordering defendant to obtain her own health insurance.

This Court reviews a trial court's factual findings related to the division of property in a divorce action for clear error. *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). "A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made." *Id.* "If the trial court's findings of fact are upheld, the appellate court must decide whether the dispositive ruling was fair and equitable in light of those facts." *Woodington v Shokoohi*, 288 Mich App 352, 355; 792 NW2d 63 (2010), citing *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992).

## III. ANALYSIS

We first address defendant's arguments surrounding the trial court's finding that the Florida property was separate property, and then awarded it to plaintiff. As noted *supra*, defendant does not take issue with the trial court categorizing the Florida property as separate property, but rather that it was inequitable for the trial court to award the Florida home to plaintiff. Defendant argues that the home was purchased for Storts, Storts paid the mortgage, plaintiff did not contribute to the acquisition of the home, plaintiff did not need the home, and plaintiff could not pay for the mortgage.

"In any divorce action, a trial court must divide marital property between the parties and, in doing so, it must first determine what property is marital property and what property is separate." *Cunningham*, 289 Mich App at 200. "Generally, marital property is that which is acquired or earned during the marriage, whereas separate property is that which is obtained or earned before the marriage." *Id.*, citing MCL 552.19. The determination of whether property is marital or separate is not always clear or easily achieved and "the mere fact that property may be held jointly or individually is not dispositive of whether the property is classified as separate or marital." *Id.*

at 201-202. For example, "[w]hile income earned by one spouse during the duration of the marriage is generally presumed to be marital property, there are occasions when the property earned or acquired during the marriage may be deemed separate property." *Id*. (citations omitted). Conversely, "separate assets may lose their character as separate property and transform into marital property if they are commingled with the marital assets and 'treated by the parties as marital property.' " *Id*. at 201, citing *Pickering v Pickering*, 268 Mich App 1, 11; 706 NW2d 835 (2005).

After the trial court determines what property is marital, the trial court is to divide the marital estate between the parties in a manner that is equitable in light of all the circumstances. *Cunningham,* 289 Mich App at 201. In reaching an equitable property division, the trial court is to consider the following, nonexhaustive, list of factors whenever they are relevant to the circumstances of the particular case: "(1) the duration of the marriage, (2) contributions of the parties to the marital estate, (3) age of the parties, (4) health of the parties, (5) life status of the parties, (6) necessities and circumstances of the parties, (7) earning abilities of the parties, (8) past relations and conduct of the parties, and (9) general principals of equity." *Berger v Berger*, 277 Mich App 700, 717; 747 NW2d 336 (2008), citing *Sparks*, 440 Mich at 159-160. The determination of relevant factors varies depending on the case because of the wide array of factual circumstances involved in a divorce proceeding. *McNamara v Horner*, 249 Mich App 177, 185; 642 NW2d 385 (2002). "Nonetheless, where any of these factors are relevant to the value of the property or to the needs of the parties, the trial court must make specific findings of facts regarding those factors." *Id*. at 186, citing *Sparks*, 440 Mich at 159. Moreover, when determining an equitable property distribution, the trial court must keep in mind that the overarching goal in dividing the marital estate is to reach an equitable distribution "in light of a court's evaluation of the parties' contributions, faults, and needs." *Richards v Richards*, 310 Mich App 683, 694; 874 NW2d 704 (2015).

In awarding the Florida home to plaintiff, the trial court made the following finding:

> I find that the following property is not marital property. The Florida Real Property is awarded to Plaintiff. Defendant's testimony regarding the transaction was preposterous for a licensed realtor to offer. If the property is subject to a mortgage, the Plaintiff will be responsible for that going forward. Plaintiff believes the property is worth $320,000 and the Defendant believes it is worthless.

We conclude that the trial court's finding that the Florida property was not marital property lacks any reasoning or analysis from which we are able to evaluate whether it was clearly erroneous. The trial court's finding is conclusory, and because there was ample evidence presented that the parties did purchase the Florida property together, with marital funds, during the course of the marriage, the trial court's finding lacks the specificity required to facilitate appellate review. To be clear, we conclude that as it stands, the trial court's finding regarding the Florida property is insufficient to determine whether it was clearly erroneous to categorize the property as separate property, let alone whether it was equitable to award the property to plaintiff. *Cunningham*, 289 Mich App at 200.

On the basis of the foregoing, we are precluded from reviewing defendant's arguments regarding whether the trial court clearly erred by awarding plaintiff the Florida property at this time. Thus, a remand is required for the trial court to make specific findings regarding the nature

of the Florida property.  See *Woodington*, 288 Mich App at 354 (because the trial court failed to provide analysis or reasoning to support its decision in a divorce action, this Court was unable to discern whether the trial court's decision was appropriate and remand was necessary for the trial court to make findings of fact appropriate for judicial review).  Regardless of how the trial court determines to characterize the property, as marital property or as separate property, the trial court must also make specific findings regarding the value of the property, which party should retain ownership of the property, and why that ownership is equitable.  If necessary, the trial court shall take additional testimony regarding this issue, and may supplement the record, in order to make more specific findings.

Defendant also argues on appeal that it was inequitable for the trial court to award plaintiff his pension in its entirety, and to require defendant to obtain independent health insurance.  The trial court explained that it was awarding plaintiff the rights to his pension because defendant was awarded the "bulk of the rest of the marital estate."  The trial court recognized that by awarding plaintiff the rights to his pension, defendant would be required to obtain independent health insurance.  To offset defendant's new expense, the trial court did not equally divide the marital estate and awarded defendant more of the rental homes and land contracts.

We note that the trial court also failed to make specific factual findings regarding the value of plaintiff's pension as compared to the value of the properties awarded to defendant.  Like the trial court's failure to make specific findings regarding the characterization of the Florida property, the trial court's failure to make specific findings regarding the value of plaintiff's pension precludes this Court from concluding whether the trial court's findings were clearly erroneous, and whether the trial court actually engineered an equitable division of the marital estate.  Thus, for us to adequately address defendant's claims on appeal, remand is also required for the trial court to make specific findings regarding the value of plaintiff's pension as compared to the value of the marital estate awarded to defendant.  Based on that information, should the division of the marital estate not be equal, the trial court must make further factual findings as to why the division of the marital estate is equitable.  Again, should it be necessary, the trial court may take additional testimony or supplement the record in order to make more specific findings regarding this issue.

Where the trial court failed to make specific factual findings, we remand for the trial court to make specific findings regarding whether the Florida property is marital property or separate property, the value of the property, and to which party the property belongs.  The trial court must also make specific findings regarding the value of plaintiff's pension as it compares to the value of the marital estate awarded to defendant, and based on that information, specific findings as to why the division of the marital estate is equitable.  We retain jurisdiction.

/s/ Kathleen Jansen
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola

# Court of Appeals, State of Michigan

# ORDER

Mitchell G. McLaren v Brenda F. McLaren

Docket No. 351842

LC No. 17-000772-DO

Kathleen Jansen
Presiding Judge

Amy Ronayne Krause

Michael F. Gadola
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall be completed within 120 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we remand for the trial court to make specific findings regarding whether the Florida property is marital property or separate property, the value of the property, and to which party the property belongs. The trial court must also make specific findings regarding the value of plaintiff's pension as it compares to the value of the marital estate awarded to defendant, and based on that information, specific findings as to why the division of the marital estate is equitable. If necessary, the trial court shall take additional testimony, and may supplement the record, in order to make more specific findings. The proceedings on remand are limited to these issues.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

The parties shall file any supplemental briefs with this Court within 21 days after completion of the proceedings.

_____
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

_____April 29, 2021_____
Date

_____
Chief Clerk