*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BELLE DANYELL STIER,

      Plaintiff-Appellee,

v

JEREMY DEAN STIER,

      Defendant-Appellant.

UNPUBLISHED
February 17, 2022

No. 355395
Hillsdale Circuit Court
LC No. 19-000570-DM

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right the distribution of real property in the trial court's judgment of divorce. For the reasons set forth in this opinion, we affirm in part and vacate and remand in part for further proceedings consistent with this opinion.

## I. BACKGROUND

The parties were married in October 2006 and plaintiff filed for divorce in August of 2019. A bench trial was held in August 2020, during which the trial court heard testimony from both parties. The parties testified regarding a number of parcels of real property that were owned either individually, jointly or by companies in which they held an ownership interest. The parties jointly owned a limited-liability company named BJS Investments. Plaintiff also claimed to have sole ownership of two companies: Southern Belle Mobile Community, LLC, and Sterling Realty Group.

The parties testified about four properties that the trial court found were marital property and which were ordered to be sold, with the net proceeds split evenly between the parties. The parties also testified about six additional properties: 309 Highland Street, 2837 Lake Avenue, 3620 Black Bridge Road, 6 Sharp Street, 15260 W. US 12, and 13197 W. US 223. A brief synopsis of the testimony and findings regarding these particular properties follows:

309 Highland Street: This property was purchased in 2018 by Southern Belle. The trial court awarded this property to plaintiff because it was "separate from [defendant], no help from [defendant]."

2837 Lake Avenue:  Plaintiff testified that this property is owned by BJS.  The purchase date for this property was not specified at the bench trial.  According to plaintiff, defendant paid for half of the purchase of this property.  Defendant testified that he did not "have any interest in" this property.  When asked to clarify his statement, defendant continued to give an ambiguous response which seemingly indicated that he believed this property to be marital property, but he thought it would be better for this property to be awarded to plaintiff as part of the marital property distribution.[1]  The trial court found that defendant was not making a claim for this property, so it awarded the property to plaintiff.

3620 Black Bridge Road:  This property is owned by BJS.  According to plaintiff, this property was purchased using funds from Southern Belle, however the purchase date was not specified.  Like the Lake Avenue property, defendant testified that he was not making a claim for this property either because he regarded the property as separate or he felt it should be part of plaintiff's portion of the marital estate.  Again, defendant's trial counsel did not make clear to the trial court the basis on which defendant was asserting his opinion. The trial court found that defendant was not making a claim for this property, so it awarded the property to plaintiff.

6 Sharp Street:  This property was purchased by plaintiff using funds loaned to her by Sterling Realty Group.  Again, neither party introduced into evidence the date of purchase. And, again, defendant said that he was not making a claim for this property (seemingly) because he felt that it would be better for this property to be awarded to plaintiff as part of her portion of the marital property.  The trial court awarded this property to plaintiff.

15260 W. US 12:  Again, neither party introduced evidence as to the purchase date of this property. Plaintiff testified that the down payment, as well as loans for other costs associated with this property, was paid by Southern Belle.  Plaintiff also testified that she was able to purchase this property for $70,000 under its appraised value, so this property had $70,000 in equity on purchase.  Defendant conducted some work on this property, including renovating a bathroom.  At the time of the bench trial, this property had been sold for $138,287.54.  The trial court ruled that the net proceeds of the sale of this property be split evenly among the parties, but only after Southern

---

[1] The following exchange between defendant and his trial counsel is illustrative as to how the issue of whether defendant was claiming certain properties were separate or part of the marital estate was anything but clear to the trial court or this Court:

> Q. Are you saying that you don't want those properties because you consider them to be her separate properties?
>
> A. I -- I don't want those properties, because I -- that was in her half of the -- how I divided in my mind, how our -- how our property division would be.
>
> Q. Okay. So, her half of the marital estate is –
>
> A. Yes.
>
> Q. -- the way that you look at it?
>
> A. Yes. Yes.

Belle's loans were repaid and plaintiff received $70,000 for the equity that plaintiff testified had accrued when she purchased the property.

13197 W. US 223: Plaintiff said that this property is owned by a third party but that plaintiff holds the contract for this property and is selling the property on land contract. Plaintiff said that this property was purchased during the marriage and is in her name only. Defendant testified that he was not making a claim for this property and then clarified that he did not want this property and believed this property should be awarded to plaintiff as part of the division of the marital estate. The trial court was not explicit in its disposition of this property, but it appeared to award the property to plaintiff. However, as the parties on appeal agree, this property is not referred to in the judgment of divorce.

This appeal ensued.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred when it awarded the Highland Street, Lake Avenue, Black Bridge Road, and Sharp Street properties to plaintiff. Plaintiff responds that defendant abandoned this issue on appeal because defendant argued that the trial court's distribution of marital property was inequitable. According to plaintiff, because the trial court ruled that these properties were plaintiff's separate property, they are not to be included in a determination as to whether the trial court made an equitable distribution of marital property.

"This Court reviews a trial court's property distribution by first reviewing the trial court's findings of fact for clear error." *Olson v Olson*, 256 Mich App 619, 622; 671 NW2d 64 (2003). "A finding is clearly erroneous if, after review of the entire record, this Court is left with the definite and firm conviction that a mistake was made." *Berger v Berger*, 277 Mich App 700, 717; 747 NW2d 336 (2008). "The trial court's factual findings are accorded substantial deference." *Id*. "If the trial court's findings of fact are upheld, this Court must decide whether the trial court's dispositional ruling was fair and equitable in light of those facts." *Id*. The trial court is given broad discretion in fashioning a property division in a divorce, and there is no strict mathematical formulations. *Sparks v Sparks*, 440 Mich 141, 158-159; 485 NW2d 893 (1992). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Souden v Souden*, 303 Mich App 406, 415; 844 NW2d 151 (2013).

When making a property division in a divorce proceeding, the trial court must first determine what property is marital property and what property is separate. See *Cunningham v Cunningham*, 289 Mich App 195, 200; 795 NW2d 826 (2010). "Generally, marital property is that which is acquired or earned by the parties during the marriage, and separate property is property that the parties obtained or earned before the marriage." See *id*. at 201. "When apportioning marital property, the court must strive for an equitable division of increases in marital assets 'that may have occurred between the beginning and the end of the marriage.'" (internal citation omitted). *Reeves v Reeves*, 226 Mich App 490, 493; 575 NW2d 1 (1997).

Here, the parties through their respective trial counsel, did little to assist the trial court in any meaningful way to discern separate from marital property. The trial court lamented that the parties did not provide much in the way of documentation---an understatement---and as a consequence of this lack of evidence, the trial court was unable to make proper findings of fact

sufficient for appellate review. See *Woodington v Shokoohi*, 288 Mich App 352, 354; 792 NW2d 63 (2010).

## A. HIGHLAND STREET; LAKE AVENUE; BLACK RIDGE ROAD AND SHARP STREET PROPERTIES

For the Sharp Street and Highland Street properties, the trial court did not make explicit findings whether the properties were awarded to plaintiff because they were her separate property or as part of the distribution of the marital property. The trial court also did not make findings about why, if these properties were acquired during the marriage, these properties, and any increased value in these properties, were not considered to be marital property. Such findings are important because, as previously quoted, in *Reeves*, 226 Mich App at 493, even when real property was purchased with one party's separate property, the increase in value that accrues during the marriage is part of the marital estate. "The increase in value (whether by equity payments or appreciation) that occurred between the beginning and the end of the marriage was part of the marital estate." (internal citation omitted). Accordingly, a remand is necessary.

Regarding the Lake Avenue and Black Bridge Road properties, we conclude that a remand is necessary. The trial court awarded these properties to plaintiff because it found that defendant claimed to have "no interest" in the properties or was not making a claim for the properties. Although it is not entirely clear, it appears that the trial court found that these properties were plaintiff's separate property based on defendant's testimony. As previously pointed out, defendant's testimony was at best ambiguous, though he seemingly believed these properties should be considered part of the marital estate, defendant most likely was attempting to piece together his own property settlement through his testimony.

What is clear is that both of these properties were owned by BJS, the company jointly owned by plaintiff and defendant. In the case of the Lake Avenue property, plaintiff testified that defendant paid for half of the property. On this testimony alone, it appears the trial court committed clear error in its reliance on defendant's ambiguous testimony.

## B. W. US 12 PROPERTY

Regarding the US-12 property, the trial court found that the intent was for this real property to be separate property as this property was in plaintiff's name. The trial court found that plaintiff's company, Southern Belle loaned this property $15,799.76 for painting, removal of a tenant, and to pay utilities, as well as 20% of the purchase price, and that these loans are still outstanding. The trial court also acknowledged that defendant renovated the bathroom of this property. The trial court found that plaintiff had an interest of $70,000 in equity in this property. This property was sold on January 3, 2020 for $138,287.54. As a result of the trial court's order, plaintiff and Southern Belle received $124,217.11 from the sale of this property and defendant received $14,070.42.

Here, again, the lack of a record regarding when and how this property was purchased precludes this Court from engaging in meaningful appellate review of this property. It is unknown if marital assets were deposited into Southern Belle's accounts and if the increase in value during the marriage had been considered by the trial court because the trial court made no findings

regarding the value of the US-12 property, and no findings regarding the incongruity of the distribution of the marital estate. See *Berger*, 277 Mich App at 717 ("The trial court need not divide the marital estate into mathematically equal portions, but any significant departure from congruence must be clearly explained."); *Olson*, 256 Mich App at 627 ("As a prelude to property division, a trial court must first make specific findings regarding the value of the property being awarded in the judgment."). If this property was acquired during the marriage, then the equity accrued would be presumed to be marital property. See *Cunningham*, 289 Mich at 201. Accordingly, we remand the issue of whether the US-12 constituted marital property in whole or in part, and if so, to arrive at an equitable distribution of the property. See *Cunningham*, 289 Mich at 201; *Woodington*, 288 Mich App at 354;

### C. 13197 W. US 223

Defendant also argues that the trial court erred when he did not receive any distribution from the property located at 13197 W. US 223. On this issue, the parties are somewhat in agreement as this property was omitted from the trial court's written order. While the trial court did allude to this particular property during the bench trial by stating that it: "already took care of the inherited properties and the four parcels that Mr. Stier has no interest in: Lake Avenue, Black Bridge, Sharp Street, US-223," this sentence alone does not satisfy the requirement that the trial court make findings regarding which property is separate and which is marital. *Cunningham*, 289 Mich App at 200. Moreover, it appears that the trial court did not intend for this sentence alone to be its entire findings regarding the US-223 property as evidenced by the fact that the trial court made additional findings regarding the other three properties.

However, because the trial court did not make any additional findings regarding the US-223 property and the property is omitted from the trial court's written order, we remand this matter to the trial court to allow the trial court to determine whether the US-223 property constituted part of the marital estate, in whole or in part, and if so, to arrive at an equitable distribution of the property. *Woodington*, 288 Mich App at 354.

### D. FAULT

Defendant's next claim of error is that the trial court's distribution of real property was the result of an overemphasis on fault.

Defendant's argument on appeal that the trial court "[e]rred by overemphasizing the significance of fault in the property division" begins by stating:

> The trial court did not explicitly state that if found Defendant-Appellant at fault for the breakdown of the marital relationship, or that it was giving a larger share of the marital estate to Plaintiff-Appellee because it believed that Defendant-Appellant had an affair during the parties' marriage..."

Defendant then goes on to quote the trial court's finding that defendant did have an affair and that his memory of when his relationship began with "Amy" was highly questionable. However, we glean no record evidence, and defendant fails to supply any that the trial court ever considered fault as a basis for any of its rulings. We therefore concur with defendant's observations that the trial court never "explicitly" used fault as a basis for its rulings. To the extent there is error, that

error is predicated on the failure of the parties to provide the trial court with data and unambiguous testimony regarding purchase dates and valuations. Hence, that error is predicated on a lack of the afore-stated information and the trial court not making findings as to what was marital and what was separate property, and whether increases in property values were a marital asset. Accordingly, defendant is not entitled to relief based on this issue.

## III. CONCLSUION

We vacate that portion of the trial court's judgment of divorce relating to the following properties: 309 Highland, 2837 Lake Avenue, 3620 Black Bridge, 6 Sharp Street, 15260 W. US 12, and 13197 W. US 223 and remand to the trial court for additional proceedings consistent with this opinion. We affirm the remainder of the trial court's rulings.

Affirmed in part, vacated and remanded in part. We do not retain jurisdiction. Neither party having prevailed in full, no costs are awarded. MCR 7.219.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford